UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NONA WATTS, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File No.: |
| | ) | _____ |
| v. | ) | |
| | ) | |
| BH TRUCKS AND TRAILER RENTAL, | ) | |
| LLC, BENITO HERNANDEZ | ) | |
| TRUCKING, LLC, JAVIER GARCIA, | ) | |
| and HUDSON INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF NOTICE OF REMOVAL

COME NOW Defendants Javier Garcia, Benito Hernandez Trucking, LLC and BH Trucks and Trailer Rental, LLC ("Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1446, and file this Brief in Support of their Notice of Removal, showing this Court as follows:

## PROCEDURAL BACKGROUND

On July 14, 2022, Nona Watts filed this action in the State Court of DeKalb County, Georgia against Defendants. (Compl. Ex. A.) Watts alleges Defendants are liable for injuries she sustained in a motor vehicle accident on October 28, 2020, that occurred on Buford Highway in Dekalb County, Georgia. (Compl. ¶¶ 7–10.)

To date, Hudson Insurance Company has not been served. (*See generally*

{00831345-12}          Page **1** of **9**

Docket Ex. B.) But Garcia was served on July 20, 2022, (Proof of Service at to Javier Garcia Ex. C); upon information and belief, Benito Hernandez Trucking, LLC and BH Trucks and Trailer Rental, LLC were served on August 22, 2022.

Although Hudson has not been served, complete diversity exists between the served parties. Watts is a Georgia citizen domiciled in the State of Georgia. (Compl. Ex. A ¶ 1; *see also* Georgia Uniform Motor Vehicle Accident Report No. 2020100316 Ex. D.) Defendant Javier Garcia is a Texas citizen domiciled in the State of Texas. (Compl. Ex. A ¶ 5.) Defendant BH Trucks and Trailer Rental, LLC is a Texas corporation with its principal place of business in Texas. (Compl. Ex. A ¶ 2; 2021 Texas Public Information Report Ex. E.) Defendant Benito Hernandez Trucking, LLC is a Texas corporation with its principal place of business in Texas. (Compl. Ex. A ¶ 3; 2021 Texas Public Information Report Ex. F.)

Defendants seek to timely remove this matter to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (Ex. I.)

## ARGUMENT AND CITATION OF AUTHORITY

**A.** **This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This action is removable under 28 U.S.C. § 1441(a)–(b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a) which states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States . . . .

Defendants show this Honorable Court that complete diversity exists among Plaintiff and the served Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**1.** **There is complete diversity.**

It is undisputed that there is complete diversity between Plaintiff and the served Defendants to this action.[1] Watts is a Georgia citizen domiciled in the State of Georgia. (Compl. Ex. A ¶ 1; *see also* Georgia Uniform Motor Vehicle Accident Report Number 2020100316 Ex. D.) Defendant Javier Garcia is a Texas citizen

---

[1] Although Defendant Javier Garcia joins in this Notice of Removal, his consent is not an admission, implicit or otherwise, that he was sufficiently served with process of this matter. Garcia denies he was served with process and intends to challenge its sufficiency in his Answer following Removal.

domiciled in the State of Texas. (Compl. Ex. A ¶ 5; *see also* Georgia Uniform Motor Vehicle Accident Report Number 2020100316 Ex. D.) Defendant BH Trucks and Trailer Rental, LLC is a Texas corporation with its principal place of business in Texas. (Compl. Ex. A ¶ 2; 2021 Texas Public Information Report Ex. E.) Defendant Benito Hernandez Trucking, LLC is a Texas corporation with its principal place of business in Texas. (Compl. Ex. A ¶ 3; 2021 Texas Public Information Report Ex. F.)

Defendant Hudson Insurance Company has not been served. Therefore, Hudson "may be ignored, not only for purposes of the bar upon removal of diversity cases that include forum state citizen defendants, but also for the purpose of requiring [its] joinder in the notice of removal." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3730 (Rev. 4th ed.) (April 2022 update); *see also Francis v. Great West Cas. Co.*, Civil Action No. 5-17-CV-432 (MTT), 2018 WL 999679 (M.D. Ga. Feb. 21, 2018). Even if and once Hudson is served, Hudson is a Delaware corporation with its principal place of business located in New York, New York. (See Defendants' Certificate of Interested Persons and Corporate Disclosure Statement, filed contemporaneously herewith). There is complete diversity.

2.      **The amount in controversy exceeds $75,000.00.**

Plaintiff's Complaint did not contain an *ad damnum* clause setting a specific

amount of damages sought by the Plaintiff such that the exact amount in controversy in this cause of action is readily ascertained. However, Defendants reasonably expect, upon information and belief, that the Plaintiff is alleging over $75,000.00 in damages, and this is further supported by Plaintiff's pre-suit demand in excess of the jurisdictional threshold. In addition to a claim for past medical expenses, Plaintiff is claiming future medical expenses, past and future lost wages, pain and suffering, and property damages. (Compl. Ex. A ¶¶ 40–42; Watts Pre-Suit Demand Ex. G.)

Therefore, the diversity of citizenship and amount in controversy requirements for removal are clearly satisfied, thus making this case removable at this time.

**B.** **Defendants Have Timely Sought Removal, and Defendant Javier Garcia Consents to and Joins in Defendants' Notice of Removal.**

A party must file a notice of removal of a civil action within 30 days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b)(1). Here, upon information and belief, Defendants Benito Hernandez Trucking, LLC and BH Trucks and Trailer Rental, LLC were served on August 22, 2022, thus falling within the 30-day period.

Defendant Javier Garcia consents to Defendants' decision to remove this matter. And although Garcia was served on July 20, 2022, removal remains timely under the "last-served defendant" rule. As stated by the Eleventh Circuit in *Bailey v.*

*Janssen Pharmaceutica, Inc.*:

> The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). The last-served rule is not inconsistent with the unanimity. Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of removal must have the unanimous consent of the defendants. The unanimity rule alone does not command that a first-served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal; it only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal.

536 F.3d 1202, 1207 (2008); *Brown v. Clayton Co., GA ex rel. Clayton Co. Police Dept., GA*, Civil Action File No. 1-21-cv-00723-LMM-LTW, 2021 WL 2471488, at *2 (April 6, 2021) ("The 'first-served defendant's failure to seek removal' does not prevent a later-served defendant from removing the case, so long as 'all defendant consent to and join a notice of removal.'").

Accordingly, Defendants have timely sought removal of this action and secured the consent of Defendant Javier Garcia, who joins in their submission of this Notice of Removal.

## CONCLUSION

WHEREFORE, Defendants respectfully submit this matter to this Court's jurisdiction. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide written notice to all adverse parties and file a copy of its Notice of Removal with the Clerk of the

Court for the State Court of DeKalb County, Georgia.

Respectfully submitted, this 6th day of September, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing document was prepared in accordance with N.D. Georgia Local Rule 5.1(C).  Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

{00831345-12}                    Page **8** of **9**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by e-filing the same with the Court's CM-ECF system and via electronic mail addressed to counsel of record as follows:

Anne Marie duToit
Catherine D. Payne
PAYNE & DU TOIT
2275 Marietta Blvd. NW
Ste 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

This the 6th day of September, 2022.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Donavan K. Eason
Georgia Bar No. 487358
donavan.eason@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

{00831345-12}                Page **9** of **9**