**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

**COMPLAINT**

COME NOW Nona Watts, Plaintiff, and makes and files this complaint against

Defendants BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, Javier

Garcia, and Hudson Insurance Company as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to

the jurisdiction of this court.

2.

Defendant BH Trucks and Trailer Rental, LLC is a limited liability company and is

authorized to transact business in the State of Georgia and may be served through the

Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the

jurisdiction of this court.

-1-

3.

Defendant Benito Hernandez Trucking, LLC is a limited liability company and is authorized to transact business in the State of Georgia and may be served through the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the jurisdiction of this court.

4.

Defendant Hudson Insurance Company ("Hudson") is a foreign insurance company and may be served through its registered agent Dina G. Daskalakis located at 100 William Street, New York, NY 10038 and is subject to the jurisdiction of this court.

5.

Defendant Javier Garcia ("Garcia") is a resident of the State of Texas and is subject to the jurisdiction and venue of this court pursuant to Georgia's Non-Resident Motorist Act, O.C.G.A. § 40-12-1. He may be served with a copy of this Complaint and Summons at his place of residence, 2301 N. McCall Rd., Trlr. 33, McAllen, TX 78501.

6.

Jurisdiction and venue are proper in this court.

**BACKGROUND**

7.

On or about October 28, 2020, Plaintiff Watts was driving a 2014 Chrysler 300 southbound on Buford Highway in DeKalb County, Georgia.

8.

On or about October 28, 2020, Defendant Garcia was driving a tractor-trailer southbound on Buford Highway in DeKalb County, Georgia behind Plaintiff Watts' vehicle.

9.

Defendant Garcia failed to see Plaintiff's vehicle in front of him and he struck the rear of vehicle driven by Plaintiff from behind.

10.

As a result of the collision, Plaintiff suffered injuries to her knees, back, shoulder, neck, head, and right upper extremity.

## COUNT I – NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Garcia was negligent in the following manners:

   a.  In following too closely;

   b.  In failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle;

   c.  In failing to make timely and proper application of his brakes;

   d.  In failing to observe or undertake the necessary precautions to keep his tractor trailer from colliding with the Plaintiff's vehicle;

   e.  In operating his tractor-trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity;

   f.  In committing other negligent and reckless acts or omissions as may be shown by the evidence and proven at trial.

13.

Defendant Garcia's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## **COUNT II – IMPUTED LIABILITY**

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant BH Trucks and Trailer Rental, LLC.

16.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant BH Trucks and Trailer Rental, LLC.

17.

Defendant BH Trucks and Trailer Rental, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

18.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant Benito Hernandez Trucking, LLC.

19.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant Benito Hernandez Trucking, LLC.

20.

Defendant Benito Hernandez Trucking, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant BH Trucks and Trailer Rental, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

23.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly train Defendant Garcia.

24.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly supervise Defendant Garcia.

25.

Defendant BH Trucks and Trailer Rental, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

26.

Defendant Benito Hernandez Trucking, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

27.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly train Defendant Garcia.

28.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly supervise Defendant Garcia.

29.

Defendant Benito Hernandez Trucking, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## **COUNT IV – DIRECT ACTION**

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant Benito Hernandez Trucking, LLC pursuant to O.C.G.A. § 40-2-140.

32.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

33.

Defendant Hudson Insurance Company was the insurer of Defendant Benito Hernandez Trucking, LLC at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

34.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

35.

Defendants Benito Hernandez Trucking, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

36.

Defendants Defendant BH Trucks and Trailer Rental, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

37.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant BH Trucks and Trailer Rental, LLC.

38.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant Benito Hernandez Trucking, LLC.

## **COUNT V – DAMAGES**

39.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

41.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

42.

As a result of Defendants' negligence, Plaintiff sustained damages to her vehicle for which she is entitled to compensation.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a.  That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b.  That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiff recover for damage to her property;

d.  That Plaintiff recover such other and further relief as is just and proper.

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

                    Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                    Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT JAVIER GARCIA

      COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits the following written Interrogatories to Defendant, Javier Garcia, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

      As used herein, the terms listed below are defined as follows:

    1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," or "**Garcia**" means Defendant Javier Garcia.

6.  "**BH Trucks**" means Defendant BH TRUCKS AND TAILER RENTAL, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.  "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

9.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

10. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

11. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

12.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

13.  With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## <u>INTERROGATORIES</u>

### <u>YOUR BACKGROUND INFORMATION</u>

1.

State your full name, date and place of birth, and social security number.

2.

Have you ever been known by any name(s) other than the one you identified in the preceding Interrogatory?  If so, identify each name and for each name explain when you were known by that name, whether you had a separate social security number and/or drivers license in that name, and explain why you changed names or went by more than one name.

3.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

4.

If you are currently married, identify your spouse, your spouse's employer and job position, and your date of marriage.

5.

If you have ever been divorced, for each divorce identify your former spouse's name and the date and jurisdiction of your divorce.

6.

Identify everyone who resides in your home with you, giving names, ages, and relationships.

7.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

8.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending.  For each person, identify his/or her employer, job position, age and how each is related to you.  This information is needed for jury selection purposes.

9.

Identify each school and/or vocational training programs you have attended starting with high school and provide the dates you attended and whether or not you graduated.

10.

State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

11.

If you have ever served your country or community in any way, please explain your service and provide the dates when you served.

12.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

13.

If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

14.

Identify each motor vehicle collision(s) that you have been involved in during the past 10 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

15.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition.  This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

16.

If you have ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

17.

For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

18.

If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

19.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, sleep motor skills, sensory abilities, etc.) and/or any prescriptions during the past five years whatsoever?  If so, describe in detail each condition and/or prescription and identify who treated you for each such condition and/or who prescribed you each such drug.

20.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)?  If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

21.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training

received since obtaining your CDL.

## 22.

If you were not completely honest in providing information to BH Trucks and/or Benito Hernandez Trucking in connection with your hiring, driver qualification, or otherwise, please explain what you were not fully honest about and why.

### YOU AND BH TRUCKS AND/OR BENITO HERNANDEZ TRUCKING

## 23.

As to your work with BH Trucks and/or Benito Hernandez Trucking provide the following information:

(a)     What was your employment status on date of Subject Collision (employed company driver, leased driver, other);

(b)     Explain how you were paid (by hour, by load, by mile, salary or other);

(c)     Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and

(d)     If you have been terminated, explain when and why you were terminated.

## 24.

Describe in detail all training and education (including on the job training) provided to you by or on behalf of BH Trucks and/or Benito Hernandez Trucking at any time and in any way related to the operation of a commercial motor vehicle.

## 25.

Identify your primary supervisor(s) and manager(s) at BH Trucks and/or Benito Hernandez Trucking at the time of the Subject Collision.

26.

For the time period starting 48 hours before the Subject Collision and ending 48 hours after the Subject Collision, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of BH Trucks and/or Benito Hernandez Trucking, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose.

**SUBJECT COLLISION**

27.

Identify each person with whom you communicated in any way regarding the Subject Collision at any time and provide the details of when, why, where, and for what purpose these communications occurred. Communications for which you assert a privilege should be identified on a privilege log.

28.

Identify all persons who to your knowledge were present at the scene of the Subject Collision within 48 hours of the time of the Subject Collision and explain their role at the scene of the Subject Collision and what actions they took.

29.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

30.

Have you prepared and/or given any statement or account of what happened in the Subject Collision to anyone?  If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

31.

If you maintain that Plaintiff has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for her responsibility and identify all person(s) who have any knowledge regarding this issue.

32.

If you maintain that any person or entity other than you has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

33.

Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject Collision occurred?  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

34.

Please describe all judicial or administrative hearings or proceedings (including workers' compensation and criminal) concerning the Subject Collision, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present,

and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

## 35.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

## 36.

List any factual errors you contend are contained in the police report of the Subject Collision.  For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

## 37.

Do you accept responsibility for causing the Subject Collision?

## 38.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72-hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

### MISCELLANEOUS

## 39.

With respect to the trip that you were on at the time of the Subject Collision, provide the following information:

(a)     Identify where and when (date and time) you picked up the load you had at the time of the Subject Collision;

(b)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(c)     Identify the location, time, duration and reason for each stop you made from the time you picked up the load until the time of the Subject Collision; and

(d)     Identify the route you intended to follow from the point of origin to the point of destination.

40.

Explain in detail where you were and what you were doing during the 72 hours <u>immediately prior to</u> and the 48 hours <u>immediately following</u> the Subject Collision.  This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

41.

With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a)     Identify all errors on your logs of which you are aware;

(b)     Identify all HOS violations of which you are aware;

(c)     Are you aware of any audit of your HOS for the 8 days leading up to the collision?

42.

For each communication device (cell phone, text message device, e-mail device, etc.) that was in the tractor you were operating on the day of the Subject Collision, explain whether or not

it was in use at any time in the hour preceding the Subject Collision and identify the service provider, account number, phone number and owner.

43.

Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**INSURANCE**

44.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

*/s/ Anne Marie du Toit*
Anne Marie du Toit Georgia
Bar No. 213320
Catherine D. Payne Georgia
Bar No. 463911

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta,     GA     30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

NONA WATTS,

                       Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                       Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

---

**PLAINTIFF'S FIRST INTERROGATORIES TO
DEFENDANT BH TRUCKS AND TRAILER RENTAL, LLC**

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following written Interrogatories to Defendant BH Trucks and Trailer Rentals, LLC, pursuant

to the Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," or **"BH Trucks"** means Defendant BH Trucks and Trailer Rentals, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.  "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

8.  **"Garcia"** means Defendant Javier Garcia.

9.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## **INTERROGATORIES**

### **BH TRUCKS INFORMATION**

1.

If you contend that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people:

(a)    The Safety Director/Chief Safety Officer for BH Trucks on the date of the Subject Collision and now;

(b)    The person(s) primarily responsible for compliance with state and federal safety regulations at BH Trucks on the date of the Subject Collision and now;

(c)    The person(s) responsible for training Javier Garcia; and

(d)    Javier Garcia's supervisor and manager on the date of the Subject Collision.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of BH Trucks's driver's actions in the past three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state agency and BH Trucks that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

### VEHICLE INFORMATION

5.

With respect to the <u>tractor</u> operated by Javier Garcia at the time of the Subject Collision, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Collision;

(c)    For the engine, identify the manufacturer, year, model and identification number;

(d)    Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)    Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved, and

identify the person who has custody of the data and of the system from which the data was acquired.

(f)    Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system;  any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

6.

With respect to the <u>trailer</u> operated by Javier Garcia at the time of the Subject Collision, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Collision;

(c)    Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation

ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)     Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs;  any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)     Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

### TRIP AND HOURS OF SERVICE INFORMATION

7.

With respect to the trip that Javier Garcia was on at the time of the Subject Collision, provide the following information:

(a)     Identify all shippers and brokers involved;

(b)     Explain where and when (date and time) Javier Garcia picked up the load he had at the time of the Subject Collision;

(c)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)     Identify the location, time, duration and reason for each stop Javier Garcia made from the time he picked up the load until the time of the Subject Collision; and

(e)     Identify the route Javier Garcia intended to follow from the point of origin to the point of destination.

8.

With respect to Javier Garcia's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a) Identify all errors on Javier Garcia's logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c)     Explain what you have done, if anything, to audit or verify the accuracy of Javier Garcia's logs and identify all persons involved in the process; and,

(d)     Identify all documents and data of any kind that you used to audit or verify the accuracy of Javier Garcia's logs.

9.

For the 72 hours leading up to the Subject Collision, provide the following information regarding Javier Garcia:

(a) Identify all driving hours;

(b) Identify all on-duty not driving hours (location and activities);

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten;

(e) Identify when and where Javier Garcia slept; and

(f) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

If BH Trucks performs hours of service log audits on drivers,

(a)  Explain what is entailed in the auditing process;

(b)  Identify all documents and data used in the process;

(c)  Identify who performs the audits (in-house or outsourced);

(d)  Identify when, if ever, Javier Garcia's logs were audited; and

(e)  Identify all Hours of Service violations of which you are aware for Javier Garcia while he was working with your company.

### DRIVER INFORMATION

11.

With Respect to Javier Garcia, provide the following information:

(a)  Explain the relationship between BH Trucks and Javier Garcia at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

(b)  Explain how Javier Garcia was paid for driving (by hour, by load, by mile, salary or other);

(c)  Explain all steps BH Trucks undertook to qualify Javier Garcia in accord with the Federal Motor Carrier Safety Regulations; and

(d)  Identify when BH Trucks's relationship with Javier Garcia began and ended.

12.

Was Javier Garcia acting within the course and scope of his employment or agency at the time of the Subject Collision?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

13.

Identify and describe all formal and informal disciplinary and/or counseling actions

undertaken by BH Trucks regarding Javier Garcia at any time.

14.

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of BH Trucks to Javier Garcia at any time and in any way related to the operation of a commercial motor vehicle.

15.

Identify all traffic violations committed by Javier Garcia, while in your employ or in previous employment.

16.

If Javier Garcia has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

17.

Did Javier Garcia have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

18.

For each motor vehicle collision/accident involving Javier Garcia, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If Javier Garcia had ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between Javier Garcia and anyone acting for or on behalf of BH Trucks during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

### REGULATIONS AND POLICIES

21.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Javier Garcia at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

22.

Identify all BH Trucks policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions concerning safe driving and/or defensive driving that were made available or provided by BH Trucks to Javier Garcia during his employment with BH Trucks.

### INVESTIGATION OF SUBJECT COLLISION

23.

Describe in detail when and how you first became aware that Javier Garcia was involved in the Subject Collision.  Please include the identification of all persons involved and what information was conveyed.

24.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

25.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom BH Trucks believes may have relevant testimony of any kind in connection with this case.

26.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

27.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Javier Garcia after the Subject Collision occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.

As to any tests, inspections, measurements mapping, photography, videography, and/or investigations performed by or on behalf of BH Trucks, or of which you are at all aware regarding in any way the Subject Collision and/or any other matter raised in this case, identify all person(s)

who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

### 29.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

### 30.

If you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

### 31.

If BH Trucks has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

### INSURANCE

### 32.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds;

and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

33.

If anyone working for or on behalf of BH Trucks has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

**E**XPERTS

34.

Identify each person BH Trucks expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

 _/s/ Anne Marie du Toit_____
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                          Plaintiff,                    **JURY TRIAL DEMANDED**

vs.

                                                        CIVIL ACTION
BH TRUCKS AND TRAILER RENTAL,                           FILE NO. 22A02586
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                          Defendants.

**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT BENITO HERNANDEZ TRUCKING, LLC**

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following written Interrogatories to Defendant Benito Hernandez Trucking and Trailer Rentals,

LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," or **"BH Trucks"** means Defendant BH Trucks and Trailer Rentals, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.  "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

8.  **"Garcia"** means Defendant Javier Garcia.

9.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### BENITO HERNANDEZ TRUCKING INFORMATION

1.

If you contend that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people:

(a)     The Safety Director/Chief Safety Officer for Benito Hernandez Trucking on the date of the Subject Collision and now;

(b)     The person(s) primarily responsible for compliance with state and federal safety regulations at Benito Hernandez Trucking on the date of the Subject Collision and now;

(c)     The person(s) responsible for training Javier Garcia; and

(d)     Javier Garcia's supervisor and manager on the date of the Subject Collision.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Benito Hernandez Trucking's driver's actions in the past three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state agency and Benito Hernandez Trucking that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

### VEHICLE INFORMATION

5.

With respect to the <u>tractor</u> operated by Javier Garcia at the time of the Subject Collision, provide the following information:

(a)     Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)     Provide the mileage and gross weight at the time of the Subject Collision;

(c)     For the engine, identify the manufacturer, year, model and identification number;

(d)     Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)     Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved, and

identify the person who has custody of the data and of the system from which the data was acquired.

(f)      Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system;  any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)      Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

6.

With respect to the trailer operated by Javier Garcia at the time of the Subject Collision, provide the following information:

(a)      Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)      Provide the mileage and gross weight at the time of the Subject Collision;

(c)      Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation

ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)     Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)     Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

### TRIP AND HOURS OF SERVICE INFORMATION

### 7.

With respect to the trip that Javier Garcia was on at the time of the Subject Collision, provide the following information:

(a)     Identify all shippers and brokers involved;

(b)     Explain where and when (date and time) Javier Garcia picked up the load he had at the time of the Subject Collision;

(c)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)     Identify the location, time, duration and reason for each stop Javier Garcia made from the time he picked up the load until the time of the Subject Collision; and

(e)     Identify the route Javier Garcia intended to follow from the point of origin to the point of destination.

8.

With respect to Javier Garcia's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a) Identify all errors on Javier Garcia's logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c)     Explain what you have done, if anything, to audit or verify the accuracy of Javier Garcia's logs and identify all persons involved in the process; and,

(d)     Identify all documents and data of any kind that you used to audit or verify the accuracy of Javier Garcia's logs.

9.

For the 72 hours leading up to the Subject Collision, provide the following information regarding Javier Garcia:

(a) Identify all driving hours;

(b) Identify all on-duty not driving hours (location and activities);

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten;

(e) Identify when and where Javier Garcia slept; and

(f) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

If Benito Hernandez Trucking performs hours of service log audits on drivers,

(a)  Explain what is entailed in the auditing process;

(b)  Identify all documents and data used in the process;

(c)  Identify who performs the audits (in-house or outsourced);

(d)  Identify when, if ever, Javier Garcia's logs were audited; and

(e)  Identify all Hours of Service violations of which you are aware for Javier Garcia while he was working with your company.

### DRIVER INFORMATION

11.

With Respect to Javier Garcia, provide the following information:

(a)  Explain the relationship between Benito Hernandez Trucking and Javier Garcia at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

(b)  Explain how Javier Garcia was paid for driving (by hour, by load, by mile, salary or other);

(c)  Explain all steps Benito Hernandez Trucking undertook to qualify Javier Garcia in accord with the Federal Motor Carrier Safety Regulations; and

(d)  Identify when Benito Hernandez Trucking's relationship with Javier Garcia began and ended.

12.

Was Javier Garcia acting within the course and scope of his employment or agency at the time of the Subject Collision?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

13.

Identify and describe all formal and informal disciplinary and/or counseling actions

undertaken by Benito Hernandez Trucking regarding Javier Garcia at any time.

14.

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of Benito Hernandez Trucking to Javier Garcia at any time and in any way related to the operation of a commercial motor vehicle.

15.

Identify all traffic violations committed by Javier Garcia, while in your employ or in previous employment.

16.

If Javier Garcia has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

17.

Did Javier Garcia have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

18.

For each motor vehicle collision/accident involving Javier Garcia, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If Javier Garcia had ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between Javier Garcia and anyone acting for or on behalf of Benito Hernandez Trucking during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## REGULATIONS AND POLICIES

21.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Javier Garcia at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

22.

Identify all Benito Hernandez Trucking policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions concerning safe driving and/or defensive driving that were made available or provided by Benito Hernandez Trucking to Javier Garcia during his employment with Benito Hernandez Trucking.

## INVESTIGATION OF SUBJECT COLLISION

23.

Describe in detail when and how you first became aware that Javier Garcia was involved in the Subject Collision.  Please include the identification of all persons involved and what information was conveyed.

24.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

25.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Benito Hernandez Trucking believes may have relevant testimony of any kind in connection with this case.

26.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

27.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Javier Garcia after the Subject Collision occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.

As to any tests, inspections, measurements mapping, photography, videography, and/or investigations performed by or on behalf of Benito Hernandez Trucking, or of which you are at all aware regarding in any way the Subject Collision and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

29.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

30.

If you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

31.

If Benito Hernandez Trucking has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

## INSURANCE

32.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

33.

If anyone working for or on behalf of Benito Hernandez Trucking has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

## EXPERTS

34.

Identify each person Benito Hernandez Trucking expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

          Plaintiff,

                                              **JURY TRIAL DEMANDED**

vs.

BH TRUCKS AND TRAILER RENTAL,          CIVIL ACTION
LLC, BENITO HERNANDEZ TRUCKING,        FILE NO. 22A02586
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

          Defendants.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT JAVIER GARCIA**

          COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following Request for Production of Documents to Defendant Javier Garcia, pursuant to the

Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

          As used herein, the terms listed below are defined as follows:

1.   The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

1 | P a g e

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5. "**You**," "**Your**," "**Garcia**" means Defendant Javier Garcia.

6. "**BH Trucks**" means Defendant BH TRUCKS AND TRAILER RENTAL, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7. "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8. "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

9. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

11. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document relied upon by you in any way in responding to Plaintiff's First Interrogatories to Javier Garcia.

**REQUEST NO. 2:**   Each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision including any excess or umbrella policies covering you on the date of the Subject Collision.

**REQUEST NO. 3:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### YOUR INFORMATION

**REQUEST NO. 4:**   All documents setting forth the relationship between you and BH Trucks.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 5:**   All documents setting forth the relationship between you and Benito Hernandez Trucking.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and

retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 6:**   All documents that relate to your qualifications to operate a commercial motor vehicle.

**REQUEST NO. 7:**   All documents that relate to work you have done for any trucking company in the past seven years.  This includes any documents you prepared for any trucking company and any documents you ever received from any trucking company.

**REQUEST NO. 8:**   All medical certificates issued to you for the past seven years.

**REQUEST NO. 9:**   All blood and/or urine drug/alcohol test results for the past seven years.

**REQUEST NO. 10:**   All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 11:**   All documents that relate in any way to your orientation at BH Trucks.

**REQUEST NO. 12:**   All documents that relate in any way to your orientation at Benito Hernandez Trucking.

**REQUEST NO. 13:**   All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 14:**   The front and back of every driver's license issued to you (regardless of name used).

**REQUEST NO. 15:**   All documents giving notice to BH Trucks of any violation of any law, ordinance or regulation.

**REQUEST NO. 16:**   All documents giving notice to Benito Hernandez Trucking of any violation of any law, ordinance or regulation.

**REQUEST NO. 17:** All citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 18:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of BH Trucks directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 19:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Benito Hernandez Trucking directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 20:** All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**REQUEST NO. 21:** For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:** All MVR records regarding you.

**REQUEST NO. 23:** All DAC report regarding you.

**REQUEST NO. 24:** Copies of each personnel file and employment-related file in your possession.

**REQUEST NO. 25:** All medical treatment records related to injuries sustained by you in

during the Subject Collision.

**REQUEST NO. 26:**  All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

**REQUEST NO. 27:**  All correspondence and other communications of any kind between you and any other Defendant in this case.

### HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 28:**  All hours of service logs and other time logs for the period beginning 8 days before the Subject Collision and ending 8 days following the Subject Collision.

**REQUEST NO. 29:**  In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 8 days before the Subject Collision and ending 2 days following the Subject Collision.

**REQUEST NO. 30:**  For the period beginning 8 days prior to the Subject Collision and ending 2 days after the Subject Collision produce all of the following documents:

        a.        bills of lading, pick-up and delivery records, manifests;

        b.        dispatch/radio records;

        c.        fax transmissions;

        d.        gate record receipts and yard receipts;

        e.        port of entry receipts;

        f.        pre-rate records;

        g.        wrecker or tow truck records;

        h.        trip summaries;

        i.        credit card receipts;

        j.        toll tickets/receipts;

k.     fuel receipts;

l.      weight/scale tickets;

m.    state entry and departure records;

n.     expense sheets;

o.     interchange and inspection reports;

p.     driver and vehicle examination reports;

q.     manifests and waybills;

r.      rental contracts involving the vehicle;

s.     seal records for the trailer(s);

t.      crash reports;

u.     traffic citations;

v.     overweight/oversize permits;

w.    lodging receipts;

x.     repair/maintenance receipts;

## <u>V</u><u>EHICLE</u> <u>I</u><u>NFORMATION</u>

**REQUEST NO. 31:** All out of service orders for the vehicle in question.

**REQUEST NO. 32:** All documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 33:** For the tractor and trailer involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Collision and ending one week after the Subject Collision.

## LOAD

**REQUEST NO. 34:**  All documents that relate, refer and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 35:**  Copies of all documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 36:**  All documents sent by you to any person or entity (other than your attorney(s)), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 37:**  All documents related to any investigation done by or on behalf of BH Trucks of the scene of the Subject Collision.

**REQUEST NO. 38:**  All documents related to any investigation done by or on behalf of Benito Hernandez Trucking of the scene of the Subject Collision.

**REQUEST NO. 39:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 40:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

        a.      Any vehicle involved in the Subject Collision;

        b.      Any person involved in the Subject Collision;

        c.      The scene of the Subject Collision; and/or

d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 41:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 42:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 43:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**REQUEST NO. 44:** A copy of your cell phone records for the period beginning 48 hours before the Subject Collision and ending 24 hours after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc. If you do not have these documents in your possession, you are requested to login into your account and preserve these records and/or contact your cellular provider and obtain a copy of these records as these records are within your control.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 45:** All documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

## POLICIES AND PROCEDURES

**REQUEST NO. 46:**  All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by BH Trucks that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

**REQUEST NO. 47:**  All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by Benito Hernandez Trucking that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

## EXPERTS

**REQUEST NO. 48:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

  a.  A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

  b.  A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

  c.  A copy of the entire file of said expert;

  d.  A current résumé or curriculum vitae for said expert; and

  e.  All billing records and work logs for said expert.


**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

 /s/ Anne Marie du Toit
Anne Marie du Toit Georgia
Bar No. 213320
Catherine D. Payne Georgia
Bar No. 463911


2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

                Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BH TRUCKS AND TRAILER RENTAL, LLC

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits the following Request for Production of Documents to Defendant BH Trucks and Trailer Rentals, LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

   (b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Subject Collision**" means the collision described in the Complaint.

5.   "**You**," "**Your**," or **"BH Trucks"** means Defendant BH Trucks and Trailer Rentals, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.   "**Garcia**" means Defendant Javier Garcia.

7.   "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.   "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

9.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all

other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to BH Trucks.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for BH Trucks at any time between the time of the Subject Collision and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.

**REQUEST NO. 4:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### DRIVER

**REQUEST NO. 5:**   All documents setting forth the relationship between Javier Garcia and BH Trucks.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 6:**   The contents of Javier Garcia'S driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.  The requested documents include, but are not limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto.

If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Javier Garcia, including without limitation any investigation of Javier Garcia's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with BH Trucks.  This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Javier Garcia.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Javier Garcia.

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by BH Trucks to Javier Garcia.

**REQUEST NO. 11:**   All documents that relate in any way to the training BH Trucks provided to Javier Garcia, concerning driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.  Please include all documents that identify when, where and who provided the training and all materials used for training.

**REQUEST NO. 12:**   All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of BH Trucks to Javier Garcia at any time.  An answer key should also be provided.

**REQUEST NO. 13:**  All documents (a) explaining how Javier Garcia was compensated for the one month leading up to and including the date of the Subject Collision and extending one

week after the date of the Subject Collision; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 14:**  A copy of the front and back of every driver's license issued to Javier Garcia (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:**  All documents placing you on notice of any violation by Javier Garcia of any law, ordinance or regulation.  This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**REQUEST NO. 16:**  All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Javier Garcia in your possession, custody and/or control.

**REQUEST NO. 17:**  All documents relating to any violation of any safety rule or principle by Javier Garcia at any time while working at BH Trucks.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of BH Trucks directed to Javier Garcia for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Javier Garcia in any way relating to the safe operation of a commercial vehicle.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**  All documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Javier Garcia has been involved.

**REQUEST NO. 20:**  All documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Javier Garcia.  This

should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**  For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Javier Garcia was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by Javier Garcia or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:**  All documents prepared by Javier Garcia that describes the Subject Collision or the circumstances leading up to the Subject Collision.

**REQUEST NO. 23:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Javier Garcia that has not been produced in response to the preceding Requests.

**REQUEST NO. 24:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Javier Garcia in any way, that has not been produced in response to other Requests above.

## HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 25:**   A copy of all Javier Garcia's hours of service logs and any other driving logs and/or time sheets for the period beginning eight days before the Subject Collision and ending two days following the Subject Collision.

**REQUEST NO. 26:**  In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Javier Garcia was doing for the time period beginning eight days before the Subject Collision and ending two days following the Subject Collision.  The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b. All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c. All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d. All documents evidencing any and all stops; and

e. All driver call in reports and any other documentation of any communications between you and Javier Garcia.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**  All audits and summaries of Javier Garcia's hours of service covering the period beginning one year prior to the Subject Collision and ending 14 days following the Subject Collision.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 28:** For the tractor involved in the Subject Collision, produce the following documents:

      a.      Title;

      b.      Registration;

      c.      Operators manual;

      d.      Maintenance Schedules;

      e.      All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

      f.      All documents evidencing any inspections of the tractor during the 6 months before the Subject Collision;

      g.      All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Collision;

      h.      All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

      i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** For the trailer(s) involved in the Subject Collision, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within 6 months before the Subject Collision;

f.      All documents evidencing any inspections of the trailer during the 6 months before the Subject Collision;

g.      All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the Subject Collision;

h.      All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

      l.      Documents evidencing mileage and weight at time of the Subject Collision; and

      m.     Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**  If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 31:**  If any data is available (whether or not downloaded or retrieved) from the trailer(s) or any part or system from the trailer(s) (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 32:**  If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:**  All communications and transmissions between Javier Garcia and BH Trucks that were transmitted through any system on-board of the tractor or trailer(s) involved in the Subject Collision for the period beginning 30 days before the Subject Collision and ending seven days after the Subject Collision.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders

(EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**REQUEST NO. 34:**  If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:**  To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer(s) and/or anything inside or connected to any part or system of the tractor and/or trailer(s) that were involved in the Subject Collision.

**REQUEST NO. 36:**  A copy of each out of service report or violation concerning the tractor and/or the trailer(s) involved in the Subject Collision from the period beginning one year prior to the Subject Collision through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 37:**  All documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

**REQUEST NO. 38:**  Produce all documents related to any settlement for property damage, cargo losses or injuries arising out of the Subject collision, e.g., receipt*(s),* release*(s),* demand(s), assignment*(s),* etc.

**REQUEST NO. 39:**  For the tractor and trailer(s) involved in the Subject Collision,

produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the Subject Collision and ending one week after the Subject Collision.

**REQUEST NO. 40:**  Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Collision for the tractor and trailer(s).

## LOAD

**REQUEST NO. 41:**  All documents that relate to the load being hauled by Javier Garcia at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 42:**  All documents authored by anyone working for or on behalf of BH Trucks that set forth any facts relating to the Subject Collision.

**REQUEST NO. 43:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 44:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

   a.   Any vehicle involved in the Subject Collision;

   b.   Any person involved in the Subject Collision;

   c.   The scene of the Subject Collision; and/or

   d.   Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 45:**  All reports (you know what this means and it is not vague) relating to the Subject Collision including those prepared by Javier Garcia and those prepared by anyone working for or on behalf of BH Trucks (except lawyers).

**REQUEST NO. 46:**  All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 47:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 48:**  If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

> a.    A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;
>
> b.    A copy of all reports and documents (as defined) of any kind generated by said board or entity;
>
> c.    Documents evidencing who was on the board;
>
> d.    Documents evidencing all criteria for review; and
>
> e.    Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 49:**  All documents sent to or received from any governmental agency regarding the Subject Collision, the driver involved in the Subject Collision, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 50:**  All documents and communications of any kind related to any CSA Intervention against your company in the past two years.

**POLICY AND PROCEDURES**

**REQUEST NO. 51:**  All BH Trucks policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Collision, relating to:

      a.      Working for or with trucking company generally (e.g., employee manual or handbook);

      b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

      c.      Operation of a commercial vehicle;

      d.      Driving safety;

      e.      Defensive driving;

      f.      Compliance with federal and state laws and regulations;

      g.      Accident investigation;

      h.      Accident review boards;

      i.      Determination of preventability of accidents;

      j.      Hiring, training and supervising drivers; and

      k.      Disciplinary actions.

**REQUEST NO. 52:**  Copies of each document that Javier Garcia signed to prove that Javier Garcia received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of BH Trucks.

**REQUEST NO. 53:**  To the degree that BH Trucks has any rules, policies, procedures,

guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to Javier Garcia before the Subject Collision, please produce them now.

**REQUEST NO. 54:**  A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by BH Trucks, its personnel, agents, or employees during the year of the Subject Collision and three years prior.

**REQUEST NO. 55:**  Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

### TRUCKING COMPANY

**REQUEST NO. 56:**  Copy of documents showing the hierarchy of managerial positions in the Safety Department at BH Trucks and who occupied such positions as of the time of the Subject Collision and presently.

**REQUEST NO. 57:**  A copy of each document (including articles and presentations) prepared and/or presented by any BH Trucks representative relating to defensive driving techniques in the past five years.

**REQUEST NO. 58:**  All company newsletters distributed during the period beginning two years before the Subject Collision and present.

**REQUEST NO. 59:**  A copy of BH Trucks's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 60:**  Transcripts or recordings of all depositions of corporate designees for BH Trucks given in the past five years in cases where it was alleged that a driver working for BH Trucks rear ended another vehicle and thereby caused injury or death to another person.

**REQUEST NO. 61:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Collision

**REQUEST NO. 62:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 63:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.     A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

      b.     A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

      c.     A copy of the entire file of said expert;

      d.     A current résumé or curriculum vitae for said expert; and

      e.     All billing records and work logs for said expert.

**REQUEST NO. 64:**  All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 65:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 66:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision,

including but not limited to admissions of fault, engineering analysis, scientific tests, and official

or unofficial reports.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

 */s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia   Bar   No.   213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta,   GA   30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

                Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT BENITO HERNANDEZ TRUCKING, LLC**

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following Request for Production of Documents to Defendant BH Trucks and Trailer Rentals,

LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Subject Collision**" means the collision described in the Complaint.

5.   "**You**," "**Your**," or **"BH Trucks"** means Defendant BH Trucks and Trailer Rentals, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.   "**Garcia**" means Defendant Javier Garcia.

7.   "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.   "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

9.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.


11.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all

other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## <u>DOCUMENT REQUESTS</u>

### <u>GENERAL</u>

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Benito Hernandez Trucking.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for Benito Hernandez Trucking at any time between the time of the Subject Collision and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.

**REQUEST NO. 4:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### <u>DRIVER</u>

**REQUEST NO. 5:**   All documents setting forth the relationship between Javier Garcia and Benito Hernandez Trucking.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 6:**   The contents of Javier Garcia'S driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.  The requested documents include, but are not

limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:** All documents of any kind that relate to any pre-employment background investigation of Javier Garcia, including without limitation any investigation of Javier Garcia's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Benito Hernandez Trucking. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:** All documents that relate in any way to your recruiting of Javier Garcia.

**REQUEST NO. 9:** All documents that relate in any way to you hiring Javier Garcia.

**REQUEST NO. 10:** All documents that relate in any way to any orientation provided by Benito Hernandez Trucking to Javier Garcia.

**REQUEST NO. 11:** All documents that relate in any way to the training Benito Hernandez Trucking provided to Javier Garcia, concerning driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques. Please include all documents that identify when, where and who provided the training and all materials used for training.

**REQUEST NO. 12:** All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of Benito Hernandez Trucking to Javier Garcia at any time. An answer key should also be provided.

**REQUEST NO. 13:** All documents (a) explaining how Javier Garcia was compensated

for the one month leading up to and including the date of the Subject Collision and extending one week after the date of the Subject Collision; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 14:**  A copy of the front and back of every driver's license issued to Javier Garcia (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:**  All documents placing you on notice of any violation by Javier Garcia of any law, ordinance or regulation.  This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**REQUEST NO. 16:**  All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Javier Garcia in your possession, custody and/or control.

**REQUEST NO. 17:**  All documents relating to any violation of any safety rule or principle by Javier Garcia at any time while working at Benito Hernandez Trucking.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Benito Hernandez Trucking directed to Javier Garcia for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Javier Garcia in any way relating to the safe operation of a commercial vehicle.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**  All documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Javier Garcia has been involved.

**REQUEST NO. 20:**  All documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Javier Garcia.  This

should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**  For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Javier Garcia was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by Javier Garcia or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:**  All documents prepared by Javier Garcia that describes the Subject Collision or the circumstances leading up to the Subject Collision.

**REQUEST NO. 23:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Javier Garcia that has not been produced in response to the preceding Requests.

**REQUEST NO. 24:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Javier Garcia in any way, that has not been produced in response to other Requests above.

## HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 25:**   A copy of all Javier Garcia's hours of service logs and any other driving logs and/or time sheets for the period beginning eight days before the Subject Collision and ending two days following the Subject Collision.

**REQUEST NO. 26:**  In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Javier Garcia was doing for the time period beginning eight days before the Subject Collision and ending two days following the Subject Collision.  The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a.  All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.  All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.  All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.  All documents evidencing any and all stops; and

e.  All driver call in reports and any other documentation of any communications between you and Javier Garcia.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**  All audits and summaries of Javier Garcia's hours of service covering the period beginning one year prior to the Subject Collision and ending 14 days following the Subject Collision.

### VEHICLE INFORMATION

**REQUEST NO. 28:** For the tractor involved in the Subject Collision, produce the following documents:

      a.      Title;

      b.      Registration;

      c.      Operators manual;

      d.      Maintenance Schedules;

      e.      All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

      f.      All documents evidencing any inspections of the tractor during the 6 months before the Subject Collision;

      g.      All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Collision;

      h.      All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

      i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** For the trailer(s) involved in the Subject Collision, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within 6 months before the Subject Collision;

f.      All documents evidencing any inspections of the trailer during the 6 months before the Subject Collision;

g.      All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the Subject Collision;

h.      All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**  If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 31:**  If any data is available (whether or not downloaded or retrieved) from the trailer(s) or any part or system from the trailer(s) (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 32:**  If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:**  All communications and transmissions between Javier Garcia and Benito Hernandez Trucking that were transmitted through any system on-board of the tractor or trailer(s) involved in the Subject Collision for the period beginning 30 days before the Subject Collision and ending seven days after the Subject Collision.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-

board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**REQUEST NO. 34:**  If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:**  To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer(s) and/or anything inside or connected to any part or system of the tractor and/or trailer(s) that were involved in the Subject Collision.

**REQUEST NO. 36:**  A copy of each out of service report or violation concerning the tractor and/or the trailer(s) involved in the Subject Collision from the period beginning one year prior to the Subject Collision through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 37:**  All documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

**REQUEST NO. 38:**  Produce all documents related to any settlement for property damage, cargo losses or injuries arising out of the Subject collision, e.g., receipt*(s),* release*(s),* demand(s), assignment*(s),* etc.

**REQUEST NO. 39:**  For the tractor and trailer(s) involved in the Subject Collision,

produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the Subject Collision and ending one week after the Subject Collision.

**REQUEST NO. 40:**  Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Collision for the tractor and trailer(s).

## LOAD

**REQUEST NO. 41:**  All documents that relate to the load being hauled by Javier Garcia at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 42:**  All documents authored by anyone working for or on behalf of Benito Hernandez Trucking that set forth any facts relating to the Subject Collision.

**REQUEST NO. 43:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 44:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

> a.    Any vehicle involved in the Subject Collision;
>
> b.    Any person involved in the Subject Collision;
>
> c.    The scene of the Subject Collision; and/or
>
> d.    Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 45:**  All reports (you know what this means and it is not vague) relating to the Subject Collision including those prepared by Javier Garcia and those prepared by anyone working for or on behalf of Benito Hernandez Trucking (except lawyers).

**REQUEST NO. 46:**  All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 47:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 48:**  If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

    a.    A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

    b.    A copy of all reports and documents (as defined) of any kind generated by said board or entity;

    c.    Documents evidencing who was on the board;

    d.    Documents evidencing all criteria for review; and

    e.    Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 49:**  All documents sent to or received from any governmental agency regarding the Subject Collision, the driver involved in the Subject Collision, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 50:**  All documents and communications of any kind related to any CSA Intervention against your company in the past two years.

<u>POLICY AND PROCEDURES</u>

**REQUEST NO. 51:**  All Benito Hernandez Trucking policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Collision, relating to:

        a.      Working for or with trucking company generally (e.g., employee manual or handbook);

        b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

        c.      Operation of a commercial vehicle;

        d.      Driving safety;

        e.      Defensive driving;

        f.      Compliance with federal and state laws and regulations;

        g.      Accident investigation;

        h.      Accident review boards;

        i.      Determination of preventability of accidents;

        j.      Hiring, training and supervising drivers; and

        k.      Disciplinary actions.

**REQUEST NO. 52:**  Copies of each document that Javier Garcia signed to prove that Javier Garcia received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of Benito Hernandez Trucking.

**REQUEST NO. 53:**  To the degree that Benito Hernandez Trucking has any rules,

policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to Javier Garcia before the Subject Collision, please produce them now.

**REQUEST NO. 54:**  A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by Benito Hernandez Trucking, its personnel, agents, or employees during the year of the Subject Collision and three years prior.

**REQUEST NO. 55:**  Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

## TRUCKING COMPANY

**REQUEST NO. 56:**  Copy of documents showing the hierarchy of managerial positions in the Safety Department at Benito Hernandez Trucking and who occupied such positions as of the time of the Subject Collision and presently.

**REQUEST NO. 57:**  A copy of each document (including articles and presentations) prepared and/or presented by any Benito Hernandez Trucking representative relating to defensive driving techniques in the past five years.

**REQUEST NO. 58:**  All company newsletters distributed during the period beginning two years before the Subject Collision and present.

**REQUEST NO. 59:**  A copy of Benito Hernandez Trucking's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 60:**  Transcripts or recordings of all depositions of corporate designees

for Benito Hernandez Trucking given in the past five years in cases where it was alleged that a driver working for Benito Hernandez Trucking rear ended another vehicle and thereby caused injury or death to another person.

**REQUEST NO. 61:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Collision

**REQUEST NO. 62:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 63:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.     A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

      b.     A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

      c.     A copy of the entire file of said expert;

      d.     A current résumé or curriculum vitae for said expert; and

      e.     All billing records and work logs for said expert.

**REQUEST NO. 64:**  All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 65:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 66:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_____
Anne Marie du Toit
Georgia   Bar   No.   213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta,     GA     30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

_Attorneys for Plaintiff_

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

---

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO**
**JAVIER GARCIA**

---

    COMES NOW, Nona Watts, Plaintiff in the above-captioned lawsuit and pursuant to the

Georgia Civil Practice Act  hereby propounds the following Requests for Admission to Defendant

Javier Garcia ("Garcia") for response within thirty (30) days from the date of service.

<u>**DEFINITIONS**</u>

    As used herein, the terms listed below are defined as follows:

1. <u>**Subject Collision**</u>" means the collision that is the subject of this lawsuit that occurred on

Buford Highway in DeKalb County on October 28, 2020 involving Defendant Javier Garcia and

Plaintiff Nona Watts.

2. "<u>**You**</u>," "<u>**Your**</u>," or "<u>**Garcia**</u>" means Defendant Javier Garcia.

3. "<u>**BH Trucks**</u>" means Defendant BH TRUCKS AND TRAILER RENTAL, LLC and

includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting

or purporting to act for it or on its behalf.

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

4. "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

5. "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Javier Garcia at the time of the Subject Collision.

7. "**Plaintiff**" or "**Watts**" means Plaintiff Nona Watts.

## REQUESTS FOR ADMISSION

1.

Garcia is a proper party to this lawsuit.

2.

Garcia is properly named in this lawsuit.

3.

Service was proper on Garcia in this case.

4.

Garcia is subject to the jurisdiction of this Court.

5.

Venue is proper as to Garcia in this Court.

6.

Garcia operated the Tractor-Trailer that was involved in the Subject Collision.

7.

On October 28, 2020, the Tractor-Trailer being operated by Garcia was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

The Tractor-Trailer being operated by Garcia at the time of the Subject Collision is owned by BH Trucks.

9.

Garcia was an employee of BH Trucks at the time of the Subject Collision.

10.

The Tractor-Trailer being operated by Garcia at the time of the Subject Collision is owned by Benito Hernandez Trucking.

11.

Garcia was an employee of Benito Hernandez Trucking at the time of the Subject Collision.

12.

Garcia was acting within the course and scope of his employment with BH Trucks at the time of the Subject Collision.

13.

Garcia was acting within the course and scope of his employment with Benito Hernandez Trucking at the time of the Subject Collision.

14.

At the time of the Subject Collision, Garcia was working under the control and authority of BH Trucks.

15.

At the time of the Subject Collision, Garcia was working under the control and authority of Benito Hernandez Trucking.

16.

At the time of the Subject Collision, you had BH Trucks's permission to operate the Tractor-Trailer.

17.

At the time of the Subject Collision, you had Benito Hernandez Trucking's permission to operate the Tractor-Trailer.

18.

At the time of the Subject Collision, you were required to follow all applicable standards set forth in the Commercial Driver License Manual.

19.

At the time of the Subject Collision, you were required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

20.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

21.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

22.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

23.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

24.

Plaintiff has no responsibility for causing the Subject Collision.

25.

You are partially responsible for causing the Subject Collision.

26.

You are is fully responsible for causing the Subject Collision.

27.

You are not aware of any evidence or proof that someone other than Garcia was the proximate cause of the Subject Collision.

28.

No person or entity other than Garcia has responsibility for causing the Subject Collision.

29.

BH Trucks is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

30.

Benito Hernandez Trucking is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

31.

You were the primary cause of the Subject Collision.

**Served with Plaintiff's Complaint.**

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911


2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*


STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                    Plaintiff,

vs.                                                    **JURY TRIAL DEMANDED**

BH TRUCKS AND TRAILER RENTAL,                CIVIL ACTION
LLC, BENITO HERNANDEZ TRUCKING,              FILE NO. 22A02586
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                    Defendants.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO**
**BH TRUCKS AND TRAILER RENTAL, LLC**

        COMES NOW, Nona Watts, Plaintiff in the above-captioned lawsuit and pursuant to the

Georgia Civil Practice hereby propounds the following Requests for Admission to Defendant BH

Trucks and Trailer Rental, LLC ("BH Trucks") for response within thirty (30) days from the date

of service.

**DEFINITIONS**

        As used herein, the terms listed below are defined as follows:

    1.  **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on

Buford Highway in DeKalb County on October 28, 2020 involving Defendant Javier Garcia and

Plaintiff Nona Watts.

    2.  "**You**," "**Your**," or "**BH Trucks**" means Defendant BH Trucks and Trailer, LLC and

includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting

or purporting to act for it or on its behalf.

    3.  "**Garcia**" means Defendant Javier Garcia.

    4.  "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

    5.  The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Javier Garcia at the time of the Subject Collision.

    6.  "**Plaintiff**" or "**Watts**" means Plaintiff Nona Watts.

## REQUESTS FOR ADMISSION

1.

BH Trucks is a proper party to this lawsuit.

2.

BH Trucks is properly named in this lawsuit.

3.

Service was proper on BH Trucks in this case.

4.

BH Trucks is subject to the jurisdiction of this Court.

5.

Venue is proper as to BH Trucks in this Court.

6.

BH Trucks was a motor carrier as defined by federal law and regulations at the time of the Subject Collision.

7.

On October 28, 2020, the Tractor-Trailer being operated by Garcia was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

At the time of the Subject Collision, Garcia was required to follow all applicable standards set forth in the Commercial Driver License Manual.

9.

At the time of the Subject Collision, Garcia was required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

10.

At the time of the Subject Collision, the Tractor-Trailer being operated by Garcia was owned by BH Trucks.

11.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

12.

There is no evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

13.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

14.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided

the crash.

15.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

16.

Plaintiff has no responsibility for causing the Subject Collision.

17.

Garcia is partially responsible for causing the Subject Collision.

18.

Garcia is fully responsible for causing the Subject Collision.

19.

You are not aware of any evidence or proof that someone other than Garcia was the proximate cause of the Subject Collision.

20.

No person or entity other than Garcia has responsibility for causing the Subject Collision.

21.

BH Trucks is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

22.

Garcia was the primary cause of the Subject Collision.

23.

You made a preventability determination with regard to the Subject Collision.

24.

You determined the Subject Collision was preventable.

**Served with Plaintiff's Complaint.**

This 14th day of July, 2022.

PAYNE & DU TOIT

*/s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

NONA WATTS,

                      Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                      Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
BENITO HERNANDEZ TRUCKING, LLC**

COMES NOW, Nona Watts, Plaintiff in the above-captioned lawsuit and pursuant to the

Georgia Civil Practice Act hereby propounds the following Requests for Admission to Defendant

Benito Hernandez Trucking, LLC ("Benito Hernandez Trucking") for response within thirty (30)

days from the date of service.

**<u>DEFINITIONS</u>**

As used herein, the terms listed below are defined as follows:

1. **<u>Subject Collision</u>**" means the collision that is the subject of this lawsuit that occurred on

Buford Highway in DeKalb County on October 28, 2020 involving Defendant Javier Garcia and

Plaintiff Nona Watts.

2. "**<u>You</u>**," "**<u>Your</u>**," or "**Benito Hernandez Trucking**" means Defendant Benito Hernandez

Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant

times, was acting or purporting to act for it or on its behalf.

3.  "**Garcia**" means Defendant Javier Garcia.

4.  "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

5.  The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Javier Garcia at the time of the Subject Collision.

6.  "**Plaintiff**" or "**Watts**" means Plaintiff Nona Watts.

## REQUESTS FOR ADMISSION

1.

Benito Hernandez Trucking is a proper party to this lawsuit.

2.

Benito Hernandez Trucking is properly named in this lawsuit.

3.

Service was proper on Benito Hernandez Trucking in this case.

4.

Benito Hernandez Trucking is subject to the jurisdiction of this Court.

5.

Venue is proper as to Benito Hernandez Trucking in this Court.

6.

Benito Hernandez Trucking was a motor carrier as defined by federal law and regulations at the time of the Subject Collision.

7.

On October 28, 2020, the Tractor-Trailer being operated by Garcia was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

At the time of the Subject Collision, Garcia was required to follow all applicable standards set forth in the Commercial Driver License Manual.

9.

At the time of the Subject Collision, Garcia was required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

10.

At the time of the Subject Collision, the Tractor-Trailer being operated by Garcia was owned by Benito Hernandez Trucking.

11.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

12.

There is no evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

13.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

14.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

15.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

16.

Plaintiff has no responsibility for causing the Subject Collision.

17.

Garcia is partially responsible for causing the Subject Collision.

18.

Garcia is fully responsible for causing the Subject Collision.

19.

You are not aware of any evidence or proof that someone other than Garcia was the proximate cause of the Subject Collision.

20.

No person or entity other than Garcia has responsibility for causing the Subject Collision.

21.

Benito Hernandez Trucking is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

22.

Garcia was the primary cause of the Subject Collision.

23.

You made a preventability determination with regard to the Subject Collision.

24.

You determined the Subject Collision was preventable.

**Served with Plaintiff's Complaint.**

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

_Attorneys for Plaintiff_

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

No. _____ 22A02586

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

7/14/2022

**SUMMONS**

_____
/s/ Monica Gay

_____
Deputy Clerk

Deposit Paid $ _____

_____
Nona Watts
_____
Plaintiff's name and address

**vs.**

[ ] **JURY**

BH Trucks and Trailer Rental, LLC,
Benito Hernandez Trucking, LLC,
Javier Garcia, and Hudson Insurance Company,
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:** Javier Garcia

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit
_____
Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318
_____
Phone Number                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                               Third Party Attorney
_____          _____
Address                                           Address
_____          _____
Phone No.                Georgia Bar No.          Phone No.                Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $  _____
☐ Other
                                                  Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

22A02586

No. _____

**Date Summons Issued and E-Filed**

7/14/2022
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

_____

Nona Watts
_____
Plaintiff's name and address

**[ ] JURY**

**vs.**

BH Trucks and Trailer Rental, LLC,
Benito Hernandez Trucking, LLC,
Javier Garcia, and Hudson Insurance Company,
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**   Hudson Insurance Company

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit
_____

Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318
_____

Phone Number                               Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____
Defendant's Attorney                          Third Party Attorney

_____        _____
Address                                       Address

_____        _____
Phone No.                Georgia Bar No.       Phone No.                Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability         Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $ _____
☐ Other

                                               Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒ **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

No. _____

22A02586

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

7/14/2022

**SUMMONS**

_____
/s/ Monica Gay

_____
Deputy Clerk

Deposit Paid $ _____

_____

Nona Watts
_____
Plaintiff's name and address

**vs.**

[ ] JURY

BH Trucks and Trailer Rental, LLC,
Benito Hernandez Trucking, LLC,
Javier Garcia, and Hudson Insurance Company,
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**   BH Trucks and Trailer Rental LLC

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit
_____

Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318
_____

Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____
Defendant's Attorney                                      Third Party Attorney

_____        _____
Address                                                 Address

_____        _____
Phone No.                     Georgia Bar No.         Phone No.                   Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐Other

Principal $ _____

Interest $  _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

22A02586

No. _____

**Date Summons Issued and E-Filed**

7/14/2022

_____

/s/ Monica Gay

_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

_____

Nona Watts

_____

Plaintiff's name and address

**vs.**

BH Trucks and Trailer Rental, LLC,
Benito Hernandez Trucking, LLC,
Javier Garcia, and Hudson Insurance Company,

_____

Defendant's name and address

**[ ] JURY**

**TO THE ABOVE-NAMED DEFENDANT:**   Benito Hernandez Trucking, LLC

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit

_____

Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318

_____

Phone Number                                        Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____

Defendant's Attorney                                        Third Party Attorney

_____          _____

Address                                                           Address

_____          _____

Phone No.                        Georgia Bar No.          Phone No.                  Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $  _____
☐ Other

                                                                 Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**7/14/2022 4:16 PM**
**E-FILED**
**BY: Monica Gay**

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of _____Dekalb_____ County

| For Clerk Use Only | 7/18/2022 | | 22A02586 |
|---|---|---|---|
| **Date Filed** _____ | | **Case Number** _____ | |
| **MM-DD-YYYY** | | | |

**Plaintiff(s)**
Watts, Nona

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
BH Trucks and Trailer Rental LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Benito Hernandez Trucking, LLC | | | | |
| Garcia, Javier | | | | |
| Hudson Insurance Company | | | | |

**Plaintiff's Attorney**  Anne Marie du Toit          Bar Number 213320          Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**       **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

Control Number : SOP-22167849

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Javier Garcia**

have been filed with the Secretary of State on 07/19/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Nona Watts v. Javier Garcia
Court: State Court of DeKalb County
Civil Action No.: 22A02586

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/08/2022.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 7/19/2022 12:26:42 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-22167849 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Javier Garcia |
| Defendant's Address Where Service Attempted and/or Forwarded | : 2301 N. McColl Rd., Trlr 33, McAllen, TX, 78501, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Nona Watts |
| Style of Proceeding | : Nona Watts v. BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, LLC, Javier Garcia, and Hudson Insurance Company |
| Civil Action Number | : 22A02586 |
| Court | : State Court of DeKalb County |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Business |
| Name | : Payne & du Toit |
| Address | : 2275 Marietta Blvd., Ste. 270-245, Atlanta, GA, 30318, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : Anne Marie du Toit |

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

              Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

              Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

## COMPLAINT

COME NOW Nona Watts, Plaintiff, and makes and files this complaint against

Defendants BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, Javier

Garcia, and Hudson Insurance Company as follows:

## PARTIES AND JURISDICTION

### 1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to

the jurisdiction of this court.

### 2.

Defendant BH Trucks and Trailer Rental, LLC is a limited liability company and is

authorized to transact business in the State of Georgia and may be served through the

Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the

jurisdiction of this court.

-1-

3.

Defendant Benito Hernandez Trucking, LLC is a limited liability company and is authorized to transact business in the State of Georgia and may be served through the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the jurisdiction of this court.

4.

Defendant Hudson Insurance Company ("Hudson") is a foreign insurance company and may be served through its registered agent Dina G. Daskalakis located at 100 William Street, New York, NY 10038 and is subject to the jurisdiction of this court.

5.

Defendant Javier Garcia ("Garcia") is a resident of the State of Texas and is subject to the jurisdiction and venue of this court pursuant to Georgia's Non-Resident Motorist Act, O.C.G.A. § 40-12-1. He may be served with a copy of this Complaint and Summons at his place of residence, 2301 N. McCall Rd., Trlr. 33, McAllen, TX 78501.

6.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

7.

On or about October 28, 2020, Plaintiff Watts was driving a 2014 Chrysler 300 southbound on Buford Highway in DeKalb County, Georgia.

8.

On or about October 28, 2020, Defendant Garcia was driving a tractor-trailer southbound on Buford Highway in DeKalb County, Georgia behind Plaintiff Watts' vehicle.

9.

Defendant Garcia failed to see Plaintiff's vehicle in front of him and he struck the rear of vehicle driven by Plaintiff from behind.

10.

As a result of the collision, Plaintiff suffered injuries to her knees, back, shoulder, neck, head, and right upper extremity.

## COUNT I – NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Garcia was negligent in the following manners:

a.  In following too closely;

b.  In failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle;

c.  In failing to make timely and proper application of his brakes;

d.  In failing to observe or undertake the necessary precautions to keep his tractor trailer from colliding with the Plaintiff's vehicle;

e.  In operating his tractor-trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity;

f.  In committing other negligent and reckless acts or omissions as may be shown by the evidence and proven at trial.

13.

Defendant Garcia's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant BH Trucks and Trailer Rental, LLC.

16.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant BH Trucks and Trailer Rental, LLC.

17.

Defendant BH Trucks and Trailer Rental, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

18.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant Benito Hernandez Trucking, LLC.

19.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant Benito Hernandez Trucking, LLC.

20.

Defendant Benito Hernandez Trucking, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant BH Trucks and Trailer Rental, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

23.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly train Defendant Garcia.

24.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly supervise Defendant Garcia.

25.

Defendant BH Trucks and Trailer Rental, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

26.

Defendant Benito Hernandez Trucking, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

27.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly train Defendant Garcia.

28.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly supervise Defendant Garcia.

29.

Defendant Benito Hernandez Trucking, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## **COUNT IV – DIRECT ACTION**

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant Benito Hernandez Trucking, LLC pursuant to O.C.G.A. § 40-2-140.

32.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

33.

Defendant Hudson Insurance Company was the insurer of Defendant Benito Hernandez Trucking, LLC at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

34.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

35.

Defendants Benito Hernandez Trucking, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

36.

Defendants Defendant BH Trucks and Trailer Rental, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

37.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant BH Trucks and Trailer Rental, LLC.

38.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant Benito Hernandez Trucking, LLC.

## **COUNT V – DAMAGES**

39.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

41.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

42.

As a result of Defendants' negligence, Plaintiff sustained damages to her vehicle for which she is entitled to compensation.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover for damage to her property;

d. That Plaintiff recover such other and further relief as is just and proper.

This 14th day of July, 2022.

PAYNE & DU TOIT

*/s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

No. _____22A02586_____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

7/14/2022

**SUMMONS**

_____
/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

_____

Nona Watts
_____
Plaintiff's name and address

**vs.**

**[ ] JURY**

BH Trucks and Trailer Rental, LLC,
Benito Hernandez Trucking, LLC,
Javier Garcia, and Hudson Insurance Company,
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**   Javier Garcia

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit
_____
Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318
_____
Phone Number                                     Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____   _____
Defendant's Attorney                        Third Party Attorney
_____   _____
Address                                     Address
_____   _____
Phone No.                 Georgia Bar No.   Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $  _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of _____Dekalb_____ County

| For Clerk Use Only | 7/18/2022 | 22A02586 |
|---|---|---|
| **Date Filed** _____ | | **Case Number** _____ |
| **MM-DD-YYYY** | | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Watts, Nona | | | | | BH Trucks and Trailer Rental LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Benito Hernandez Trucking, LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Garcia, Javier | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Hudson Insurance Company | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____Anne Marie du Toit_____     Bar Number 213320     Self-Represented ☐

**Check One Case Type in One Box**

| **General Civil Cases** | **Domestic Relations Cases** |
|---|---|
| ☒ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Dissolution/Divorce/Separate |
| ☐ Contract |     Maintenance |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☐ General Tort | ☐ Paternity/Legitimation |
| ☐ Habeas Corpus | ☐ Support – IV-D |
| ☐ Injunction/Mandamus/Other Writ | ☐ Support – Private (non-IV-D) |
| ☐ Landlord/Tenant | ☐ Other Domestic Relations |
| ☐ Medical Malpractice Tort | |
| ☐ Product Liability Tort | **Post-Judgment – Check One Case Type** |
| ☐ Real Property | ☐ Contempt |
| ☐ Restraining Petition |     ☐ Non-payment of child support, |
| ☐ Other General Civil |       medical support, or alimony |
| | ☐ Modification |
| | ☐ Other/Administrative |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                          **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

               Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

               Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JAVIER GARCIA

      COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits the following written Interrogatories to Defendant, Javier Garcia, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

      As used herein, the terms listed below are defined as follows:

   1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    (a)        "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)        "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," or "**Garcia**" means Defendant Javier Garcia.

6.  "**BH Trucks**" means Defendant BH TRUCKS AND TAILER RENTAL, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.  "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

9.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

10. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

11. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

12. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

13. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

1.

State your full name, date and place of birth, and social security number.

2.

Have you ever been known by any name(s) other than the one you identified in the preceding Interrogatory? If so, identify each name and for each name explain when you were known by that name, whether you had a separate social security number and/or drivers license in that name, and explain why you changed names or went by more than one name.

3.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

4.

If you are currently married, identify your spouse, your spouse's employer and job position, and your date of marriage.

5.

If you have ever been divorced, for each divorce identify your former spouse's name and the date and jurisdiction of your divorce.

6.

Identify everyone who resides in your home with you, giving names, ages, and relationships.

7.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

8.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending. For each person, identify his/or her employer, job position, age and how each is related to you. This information is needed for jury selection purposes.

9.

Identify each school and/or vocational training programs you have attended starting with high school and provide the dates you attended and whether or not you graduated.

10.

State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

11.

If you have ever served your country or community in any way, please explain your service and provide the dates when you served.

12.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

13.

If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

14.

Identify each motor vehicle collision(s) that you have been involved in during the past 10 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

15.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition.  This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

16.

If you have ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

17.

For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

18.

If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

19.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, sleep motor skills, sensory abilities, etc.) and/or any prescriptions during the past five years whatsoever?  If so, describe in detail each condition and/or prescription and identify who treated you for each such condition and/or who prescribed you each such drug.

20.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)?  If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

21.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training

received since obtaining your CDL.

22.

If you were not completely honest in providing information to BH Trucks and/or Benito Hernandez Trucking in connection with your hiring, driver qualification, or otherwise, please explain what you were not fully honest about and why.

### YOU AND BH TRUCKS AND/OR BENITO HERNANDEZ TRUCKING

23.

As to your work with BH Trucks and/or Benito Hernandez Trucking provide the following information:

(a)     What was your employment status on date of Subject Collision (employed company driver, leased driver, other);

(b)     Explain how you were paid (by hour, by load, by mile, salary or other);

(c)     Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and

(d)     If you have been terminated, explain when and why you were terminated.

24.

Describe in detail all training and education (including on the job training) provided to you by or on behalf of BH Trucks and/or Benito Hernandez Trucking at any time and in any way related to the operation of a commercial motor vehicle.

25.

Identify your primary supervisor(s) and manager(s) at BH Trucks and/or Benito Hernandez Trucking at the time of the Subject Collision.

26.

For the time period starting 48 hours before the Subject Collision and ending 48 hours after the Subject Collision, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of BH Trucks and/or Benito Hernandez Trucking, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose.

## SUBJECT COLLISION

27.

 Identify each person with whom you communicated in any way regarding the Subject Collision at any time and provide the details of when, why, where, and for what purpose these communications occurred.  Communications for which you assert a privilege should be identified on a privilege log.

28.

Identify all persons who to your knowledge were present at the scene of the Subject Collision within 48 hours of the time of the Subject Collision and explain their role at the scene of the Subject Collision and what actions they took.

29.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

30.

Have you prepared and/or given any statement or account of what happened in the Subject Collision to anyone?  If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

31.

If you maintain that Plaintiff has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for her responsibility and identify all person(s) who have any knowledge regarding this issue.

32.

If you maintain that any person or entity other than you has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

33.

Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject Collision occurred?  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

34.

Please describe all judicial or administrative hearings or proceedings (including workers' compensation and criminal) concerning the Subject Collision, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present,

and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

35.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

36.

List any factual errors you contend are contained in the police report of the Subject Collision.  For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

37.

Do you accept responsibility for causing the Subject Collision?

38.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72-hour period underlined immediately before the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

## Miscellaneous

39.

With respect to the trip that you were on at the time of the Subject Collision, provide the following information:

(a)     Identify where and when (date and time) you picked up the load you had at the time of the Subject Collision;

(b)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(c)     Identify the location, time, duration and reason for each stop you made from the time you picked up the load until the time of the Subject Collision; and

(d)     Identify the route you intended to follow from the point of origin to the point of destination.

40.

Explain in detail where you were and what you were doing during the 72 hours immediately prior to and the 48 hours immediately following the Subject Collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

41.

With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a)     Identify all errors on your logs of which you are aware;

(b)     Identify all HOS violations of which you are aware;

(c)     Are you aware of any audit of your HOS for the 8 days leading up to the collision?

42.

For each communication device (cell phone, text message device, e-mail device, etc.) that was in the tractor you were operating on the day of the Subject Collision, explain whether or not

it was in use at any time in the hour preceding the Subject Collision and identify the service provider, account number, phone number and owner.

43.

Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

## INSURANCE

44.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

 _/s/ Anne Marie du Toit_
Anne Marie du Toit Georgia
Bar No. 213320
Catherine D. Payne Georgia
Bar No. 463911

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta,      GA      30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT JAVIER GARCIA**

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following Request for Production of Documents to Defendant Javier Garcia, pursuant to the

Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," "**Garcia**" means Defendant Javier Garcia.

6.  "**BH Trucks**" means Defendant BH TRUCKS AND TRAILER RENTAL, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

9.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

and (iii) "**any**" includes "all," and "**all**" includes "any."

12.  With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document relied upon by you in any way in responding to Plaintiff's First Interrogatories to Javier Garcia.

**REQUEST NO. 2:**   Each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision including any excess or umbrella policies covering you on the date of the Subject Collision.

**REQUEST NO. 3:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### YOUR INFORMATION

**REQUEST NO. 4:**   All documents setting forth the relationship between you and BH Trucks.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 5:**   All documents setting forth the relationship between you and Benito Hernandez Trucking.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and

retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 6:**   All documents that relate to your qualifications to operate a commercial motor vehicle.

**REQUEST NO. 7:**   All documents that relate to work you have done for any trucking company in the past seven years.  This includes any documents you prepared for any trucking company and any documents you ever received from any trucking company.

**REQUEST NO. 8:**   All medical certificates issued to you for the past seven years.

**REQUEST NO. 9:**   All blood and/or urine drug/alcohol test results for the past seven years.

**REQUEST NO. 10:**   All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 11:**   All documents that relate in any way to your orientation at BH Trucks.

**REQUEST NO. 12:**   All documents that relate in any way to your orientation at Benito Hernandez Trucking.

**REQUEST NO. 13:**   All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 14:**   The front and back of every driver's license issued to you (regardless of name used).

**REQUEST NO. 15:**   All documents giving notice to BH Trucks of any violation of any law, ordinance or regulation.

**REQUEST NO. 16:**   All documents giving notice to Benito Hernandez Trucking of any violation of any law, ordinance or regulation.

**REQUEST NO. 17:**  All citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of BH Trucks directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 19:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Benito Hernandez Trucking directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 20:**  All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**REQUEST NO. 21:**  For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:**  All MVR records regarding you.

**REQUEST NO. 23:**  All DAC report regarding you.

**REQUEST NO. 24:**  Copies of each personnel file and employment-related file in your possession.

**REQUEST NO. 25:**  All medical treatment records related to injuries sustained by you in

during the Subject Collision.

**REQUEST NO. 26:**  All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

**REQUEST NO. 27:**  All correspondence and other communications of any kind between you and any other Defendant in this case.

**HOURS OF SERVICE RELATED DOCUMENTS**

**REQUEST NO. 28:**  All hours of service logs and other time logs for the period beginning 8 days before the Subject Collision and ending 8 days following the Subject Collision.

**REQUEST NO. 29:**  In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 8 days before the Subject Collision and ending 2 days following the Subject Collision.

**REQUEST NO. 30:**  For the period beginning 8 days prior to the Subject Collision and ending 2 days after the Subject Collision produce all of the following documents:

    a.        bills of lading, pick-up and delivery records, manifests;

    b.        dispatch/radio records;

    c.        fax transmissions;

    d.        gate record receipts and yard receipts;

    e.        port of entry receipts;

    f.        pre-rate records;

    g.        wrecker or tow truck records;

    h.        trip summaries;

    i.        credit card receipts;

    j.        toll tickets/receipts;

k.  fuel receipts;

l.  weight/scale tickets;

m.  state entry and departure records;

n.  expense sheets;

o.  interchange and inspection reports;

p.  driver and vehicle examination reports;

q.  manifests and waybills;

r.  rental contracts involving the vehicle;

s.  seal records for the trailer(s);

t.  crash reports;

u.  traffic citations;

v.  overweight/oversize permits;

w.  lodging receipts;

x.  repair/maintenance receipts;

## VEHICLE INFORMATION

**REQUEST NO. 31:**  All out of service orders for the vehicle in question.

**REQUEST NO. 32:**  All documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 33:**  For the tractor and trailer involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Collision and ending one week after the Subject Collision.

## <u>LOAD</u>

**REQUEST NO. 34:**  All documents that relate, refer and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## <u>SUBJECT COLLISION</u>

**REQUEST NO. 35:**  Copies of all documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 36:**  All documents sent by you to any person or entity (other than your attorney(s)), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 37:**  All documents related to any investigation done by or on behalf of BH Trucks of the scene of the Subject Collision.

**REQUEST NO. 38:**  All documents related to any investigation done by or on behalf of Benito Hernandez Trucking of the scene of the Subject Collision.

**REQUEST NO. 39:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 40:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

       a.       Any vehicle involved in the Subject Collision;

       b.       Any person involved in the Subject Collision;

       c.       The scene of the Subject Collision; and/or

     d.     Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 41:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 42:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 43:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**REQUEST NO. 44:**  A copy of your cell phone records for the period beginning 48 hours before the Subject Collision and ending 24 hours after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc.  If you do not have these documents in your possession, you are requested to login into your account and preserve these records and/or contact your cellular provider and obtain a copy of these records as these records are within your control.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 45:**  All documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

## <u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 46:**  All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by BH Trucks that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

**REQUEST NO. 47:**  All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by Benito Hernandez Trucking that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

## <u>EXPERTS</u>

**REQUEST NO. 48:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.    A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

    b.    A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

    c.    A copy of the entire file of said expert;

    d.    A current résumé or curriculum vitae for said expert; and

    e.    All billing records and work logs for said expert.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

 _/s/ Anne Marie du Toit_____
Anne Marie du Toit Georgia
Bar No. 213320
Catherine D. Payne Georgia
Bar No. 463911


2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

               Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

               Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

---

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO**
**JAVIER GARCIA**

---

      COMES NOW, Nona Watts, Plaintiff in the above-captioned lawsuit and pursuant to the

Georgia Civil Practice Act  hereby propounds the following Requests for Admission to Defendant

Javier Garcia ("Garcia") for response within thirty (30) days from the date of service.

<u>**DEFINITIONS**</u>

      As used herein, the terms listed below are defined as follows:

1.  **<u>Subject Collision</u>**" means the collision that is the subject of this lawsuit that occurred on

Buford Highway in DeKalb County on October 28, 2020 involving Defendant Javier Garcia and

Plaintiff Nona Watts.

2.  "**<u>You</u>**," "**<u>Your</u>**," or "**Garcia**" means Defendant Javier Garcia.

3.  "**<u>BH Trucks</u>**" means Defendant BH TRUCKS AND TRAILER RENTAL, LLC and

includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting

or purporting to act for it or on its behalf.

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

4.   "**<u>Benito Hernandez Trucking</u>**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

5.   "**<u>Hudson Insurance Company</u>**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.   The "**<u>Tractor-Trailer</u>**" means the tractor-trailer being operated by Defendant Javier Garcia at the time of the Subject Collision.

7.   "**<u>Plaintiff</u>**" or "**<u>Watts</u>**" means Plaintiff Nona Watts.

## <u>REQUESTS FOR ADMISSION</u>

1.

Garcia is a proper party to this lawsuit.

2.

Garcia is properly named in this lawsuit.

3.

Service was proper on Garcia in this case.

4.

Garcia is subject to the jurisdiction of this Court.

5.

Venue is proper as to Garcia in this Court.

6.

Garcia operated the Tractor-Trailer that was involved in the Subject Collision.

7.

On October 28, 2020, the Tractor-Trailer being operated by Garcia was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

The Tractor-Trailer being operated by Garcia at the time of the Subject Collision is owned by BH Trucks.

9.

Garcia was an employee of BH Trucks at the time of the Subject Collision.

10.

The Tractor-Trailer being operated by Garcia at the time of the Subject Collision is owned by Benito Hernandez Trucking.

11.

Garcia was an employee of Benito Hernandez Trucking at the time of the Subject Collision.

12.

Garcia was acting within the course and scope of his employment with BH Trucks at the time of the Subject Collision.

13.

Garcia was acting within the course and scope of his employment with Benito Hernandez Trucking at the time of the Subject Collision.

14.

At the time of the Subject Collision, Garcia was working under the control and authority of BH Trucks.

15.

At the time of the Subject Collision, Garcia was working under the control and authority of Benito Hernandez Trucking.

16.

At the time of the Subject Collision, you had BH Trucks's permission to operate the Tractor-Trailer.

17.

At the time of the Subject Collision, you had Benito Hernandez Trucking's permission to operate the Tractor-Trailer.

18.

At the time of the Subject Collision, you were required to follow all applicable standards set forth in the Commercial Driver License Manual.

19.

At the time of the Subject Collision, you were required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

20.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

21.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

22.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

23.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

24.

Plaintiff has no responsibility for causing the Subject Collision.

25.

You are partially responsible for causing the Subject Collision.

26.

You are is fully responsible for causing the Subject Collision.

27.

You are not aware of any evidence or proof that someone other than Garcia was the proximate cause of the Subject Collision.

28.

No person or entity other than Garcia has responsibility for causing the Subject Collision.

29.

BH Trucks is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

30.

Benito Hernandez Trucking is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

31.

You were the primary cause of the Subject Collision.

**Served with Plaintiff's Complaint.**

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

        Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

        Defendants.

CIVIL ACTION
FILE NO. 22A02586

## AFFIDAVIT OF COMPLIANCE WITH O.C.G.A. § 40-12-2

I, ANNE MARIE DU TOIT, the undersigned having been duly sworn, states as follows:

1. I am over the age of eighteen (18) years and am competent to testify and give this Affidavit based upon my personal knowledge that the facts contained herein are true and correct.

2. I am a licensed attorney in good standing with the State Bar of Georgia who has been retained to provide legal representation on behalf of the Plaintiff, Nona Watts, in this Action for personal injuries Plaintiff sustained in a motor vehicle collision caused by Defendant Javier Garcia that occurred within the State of Georgia.

3. It is believed that Defendant was a non-resident of the State of Georgia at the time of the collision, and that he still remains a non-resident of the State of Georgia. Upon information and belief, his last known address is 2301 N. McColl Rd., Trlr. 33, McAllen, TX 78501.

4. I do hereby certify that contemporaneously with the execution of this affidavit, pursuant to O.C.G.A. § 40-12-2, I am serving the below listed documents (a)-(i) on the Georgia Secretary of State Brad Raffensperber via the Georgia Secretary of State website. I am also contemporaneously sending copies of the same documents (a)-(i) to Defendant Javier Garcia via UPS Next Day Air (with signature delivery confirmation) to his last known address at 2301 N. McColl Rd., Trlr. 33, McAllen, TX 78501:

    a.  Summons;
    b.  Complaint;
    c.  General Civil Case Filing Information Form;
    d.  Plaintiff's First Interrogatories to Defendant Javier Garcia;
    e.  Plaintiff's First Request for Production of Documents and Things to Defendant Javier Garcia;
    f.  Plaintiff's First Requests for Admission to Defendant Javier Garcia;
    g.  A copy of this Affidavit and Notice of Compliance with O.C.G.A. § 40-12-2 (once executed).

5.  I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff affidavit of compliance.

This 19th day of July, 2022.

PAYNE & DU TOIT

Anne Marie du Toit
Georgia Bar No. 213320

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
*Attorneys for Plaintiff*

Sworn to and subscribed before me this 19 day of July, 2022.

NOTARY PUBLIC

Personally known to me ✓ OR Produced Identification _____

_____
Type of Identification Produced

2

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

                    Plaintiffs,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                    Defendants.

CIVIL ACTION
FILE NO.  22A02586

**PLAINTIFF'S NOTICE OF FILING**
**AFFIDAVIT OF COMPLIANCE WITH O.C.G.A. § 40-12-2**

Plaintiff, by and through her undersigned attorneys, hereby files the July 19, 2022

Affidavit of Compliance with O.C.G.A. § 40-12-2.

This 8th day of August, 2022.

PAYNE & DU TOIT

      */s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day served a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF FILING AFFIDAVIT OF COMPLIANCE** upon Defendant by placing a true and correctcopy in the United States Mail with sufficient postage affixed thereon, addressed as follows:

> BH Trucks and Trailer Rental, LLC
> 5100 N. Minnesota Rd.
> Mission, TX 78572
> *Pro Se Defendant*
>
> Benito Hernandez Trucking, LLC
> 5100 N. Minnesota Rd.
> Mission, TX 78572
> *Pro Se Defendant*
>
> Javier Garcia
> 2301 N. McCall Rd.
> Trlr. 33
> McAllen, TX 78501
> *Pro Se Defendant*
>
> Hudson Insurance Company
> 100 William Street
> New York, NY 10038
> *Pro Se Defendant*

This 8th day of August, 2022.

> PAYNE & DU TOIT
>
> __*/s/ Anne Marie du Toit*__
> Anne Marie du Toit
> Georgia Bar No. 213320
> Catherine D. Payne
> Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

NONA WATTS,

              Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

              Defendants.

CIVIL ACTION
FILE NO. 22A02586


## AFFIDAVIT OF COMPLIANCE WITH O.C.G.A. § 40-12-2

I, ANNE MARIE DU TOIT, the undersigned having been duly sworn, states as follows:

1.  I am over the age of eighteen (18) years and am competent to testify and give this Affidavit based upon my personal knowledge that the facts contained herein are true and correct.

2.  I am a licensed attorney in good standing with the State Bar of Georgia who has been retained to provide legal representation on behalf of the Plaintiff, Nona Watts, in this Action for personal injuries Plaintiff sustained in a motor vehicle collision caused by Defendant Javier Garcia that occurred within the State of Georgia.

3.  It is believed that Defendant was a non-resident of the State of Georgia at the time of the collision, and that he still remains a non-resident of the State of Georgia. Upon information and belief, his last known address is 2301 N. McColl Rd., Trlr. 33, McAllen, TX 78501.

4.  I do hereby certify that contemporaneously with the execution of this affidavit, pursuant to O.C.G.A. § 40-12-2, I am serving the below listed documents (a)-(i) on the Georgia Secretary of State Brad Raffensperber via the Georgia Secretary of State website. I am also contemporaneously sending copies of the same documents (a)-(i) to Defendant Javier Garcia via UPS Next Day Air (with signature delivery confirmation) to his last known address at 2301 N. McColl Rd., Trlr. 33, McAllen, TX 78501:

    a. Summons;
    b. Complaint;
    c. General Civil Case Filing Information Form;
    d. Plaintiff's First Interrogatories to Defendant Javier Garcia;
    e. Plaintiff's First Request for Production of Documents and Things to Defendant Javier Garcia;
    f. Plaintiff's First Requests for Admission to Defendant Javier Garcia;
    g. A copy of this Affidavit and Notice of Compliance with O.C.G.A. § 40-12-2 (once executed).

5. I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff affidavit of compliance.

This 19th day of July, 2022.

                  PAYNE & DU TOIT

                  Anne Marie du Toit
                  Georgia Bar No. 213320

                  2275 Marietta Blvd NW
                  Ste. 270-245
                  Atlanta, GA 30318-2019
                  adutoit@pdtfirm.com
                  *Attorneys for Plaintiff*

Sworn to and subscribed before me this 19 day of July, 2022.

NOTARY PUBLIC

Personally known to me ✓ OR Produced Identification _____

_____
    Type of Identification Produced

2

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

                    Plaintiffs,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                    Defendants.

CIVIL ACTION
FILE NO.  22A02586

## PLAINTIFF'S NOTICE OF FILING PROOF OF DELIVERY OF SERVICE

Plaintiff, by and through her undersigned attorneys, hereby files proof of service of process on Defendant, by filing delivery confirmations of the documents served upon Defendant Javier Garcia and the Georgia Secretary of State which are referenced in the July 19, 2022 Affidavit of Compliance with O.C.G.A. § 40-12-2.

This 8th day of August, 2022.

                  PAYNE & DU TOIT

                  */s/ Anne Marie du Toit*
                  Anne Marie du Toit
                  Georgia Bar No. 213320
                  Catherine D. Payne
                  Georgia Bar No. 463911

                  2275 Marietta Blvd NW
                  Ste. 270-245
                  Atlanta, GA 30318-2019
                  adutoit@pdtfirm.com
                  cpayne@pdtfirm.com

                  *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF FILING PROOF OF DELIVERY OF SERVICE** upon Defendants by placing a true and correct copy in the United States Mail with sufficient postage affixed thereon, addressed as follows:

BH Trucks and Trailer Rental, LLC
5100 N. Minnesota Rd.
Mission, TX 78572
*Pro Se Defendant*

Benito Hernandez Trucking, LLC
5100 N. Minnesota Rd.
Mission, TX 78572
*Pro Se Defendant*

Javier Garcia
2301 N. McCall Rd.
Trlr. 33
McAllen, TX 78501
*Pro Se Defendant*

Hudson Insurance Company
100 William Street
New York, NY 10038
*Pro Se Defendant*

This 8th day of August, 2022.

PAYNE & DU TOIT

__*/s/ Anne Marie du Toit*_____
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**
1Z9A1R912912182049

**Weight**
0.60 LBS

**Service**
UPS Next Day Air Saver®

**Shipped / Billed On**
07/19/2022

**Additional Information**
Signature Required

**Delivered On**
07/20/2022 1:21 P.M.

**Delivered To**
MCALLEN, TX, US

**Received By**
GARCIA

**Left At**
Residential

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 08/08/2022 8:56 A.M. EST

Control Number : SOP-22167849

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Javier Garcia**

have been filed with the Secretary of State on 07/19/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Nona Watts v. Javier Garcia
Court: State Court of DeKalb County
Civil Action No.: 22A02586

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/08/2022.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 7/19/2022 12:26:42 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-22167849 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Javier Garcia |
| Defendant's Address Where Service Attempted and/or Forwarded | : 2301 N. McColl Rd., Trlr 33, McAllen, TX, 78501, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Nona Watts |
| Style of Proceeding | : Nona Watts v. BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, LLC, Javier Garcia, and Hudson Insurance Company |
| Civil Action Number | : 22A02586 |
| Court | : State Court of DeKalb County |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Business |
| Name | : Payne & du Toit |
| Address | : 2275 Marietta Blvd., Ste. 270-245, Atlanta, GA, 30318, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : Anne Marie du Toit |

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

NONA WATTS,

                          Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                          Defendants.

**JURY TRIAL DEMANDED**


CIVIL ACTION
FILE NO. 22A02586


**<u>COMPLAINT</u>**

COME NOW Nona Watts, Plaintiff, and makes and files this complaint against

Defendants BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, Javier

Garcia, and Hudson Insurance Company as follows:

**<u>PARTIES AND JURISDICTION</u>**

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to

the jurisdiction of this court.

2.

Defendant BH Trucks and Trailer Rental, LLC is a limited liability company and is

authorized to transact business in the State of Georgia and may be served through the

Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the

jurisdiction of this court.

-1-

3.

Defendant Benito Hernandez Trucking, LLC is a limited liability company and is authorized to transact business in the State of Georgia and may be served through the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the jurisdiction of this court.

4.

Defendant Hudson Insurance Company ("Hudson") is a foreign insurance company and may be served through its registered agent Dina G. Daskalakis located at 100 William Street, New York, NY 10038 and is subject to the jurisdiction of this court.

5.

Defendant Javier Garcia ("Garcia") is a resident of the State of Texas and is subject to the jurisdiction and venue of this court pursuant to Georgia's Non-Resident Motorist Act, O.C.G.A. § 40-12-1. He may be served with a copy of this Complaint and Summons at his place of residence, 2301 N. McCall Rd., Trlr. 33, McAllen, TX 78501.

6.

Jurisdiction and venue are proper in this court.

**BACKGROUND**

7.

On or about October 28, 2020, Plaintiff Watts was driving a 2014 Chrysler 300 southbound on Buford Highway in DeKalb County, Georgia.

8.

On or about October 28, 2020, Defendant Garcia was driving a tractor-trailer southbound on Buford Highway in DeKalb County, Georgia behind Plaintiff Watts' vehicle.

9.

Defendant Garcia failed to see Plaintiff's vehicle in front of him and he struck the rear of vehicle driven by Plaintiff from behind.

10.

As a result of the collision, Plaintiff suffered injuries to her knees, back, shoulder, neck, head, and right upper extremity.

## COUNT I – NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Garcia was negligent in the following manners:

a.  In following too closely;

b.  In failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle;

c.  In failing to make timely and proper application of his brakes;

d.  In failing to observe or undertake the necessary precautions to keep his tractor trailer from colliding with the Plaintiff's vehicle;

e.  In operating his tractor-trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity;

f.  In committing other negligent and reckless acts or omissions as may be shown by the evidence and proven at trial.

13.

Defendant Garcia's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## <u>COUNT II – IMPUTED LIABILITY</u>

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant BH Trucks and Trailer Rental, LLC.

16.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant BH Trucks and Trailer Rental, LLC.

17.

Defendant BH Trucks and Trailer Rental, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

18.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant Benito Hernandez Trucking, LLC.

19.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant Benito Hernandez Trucking, LLC.

20.

Defendant Benito Hernandez Trucking, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant BH Trucks and Trailer Rental, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

23.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly train Defendant Garcia.

24.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly supervise Defendant Garcia.

25.

Defendant BH Trucks and Trailer Rental, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

26.

Defendant Benito Hernandez Trucking, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

27.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly train Defendant Garcia.

28.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly supervise Defendant Garcia.

29.

Defendant Benito Hernandez Trucking, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant Benito Hernandez Trucking, LLC pursuant to O.C.G.A. § 40-2-140.

32.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

33.

Defendant Hudson Insurance Company was the insurer of Defendant Benito Hernandez Trucking, LLC at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

34.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

35.

Defendants Benito Hernandez Trucking, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

36.

Defendants Defendant BH Trucks and Trailer Rental, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

37.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant BH Trucks and Trailer Rental, LLC.

38.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant Benito Hernandez Trucking, LLC.

## **COUNT V – DAMAGES**

39.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

41.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

42.

As a result of Defendants' negligence, Plaintiff sustained damages to her vehicle for which she is entitled to compensation.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover for damage to her property;

d. That Plaintiff recover such other and further relief as is just and proper.

This 14th day of July, 2022.

PAYNE & DU TOIT

 /s/ Anne Marie du Toit
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

No. _____22A02586_____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

7/14/2022

**SUMMONS**

_____
/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

_____

Nona Watts
_____
Plaintiff's name and address

**[ ] JURY**

**vs.**
BH Trucks and Trailer Rental, LLC,
~~Benito Hernandez Trucking, LLC,~~
Javier Garcia, and Hudson Insurance Company,
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:** Javier Garcia

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit
_____

Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318
_____

Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____
Defendant's Attorney
_____
Address
_____
Phone No.                        Georgia Bar No.

_____
Third Party Attorney
_____
Address
_____
Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐Other

Principal $ _____

Interest $  _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___Dekalb___ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___7/18/2022___ | Case Number ___22A02586___ |
| MM-DD-YYYY | |

**Plaintiff(s)**
Watts, Nona

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
BH Trucks and Trailer Rental LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
Benito Hernandez Trucking, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
Garcia, Javier

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
Hudson Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ___Anne Marie du Toit___   Bar Number ___213320___   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

STATE COURT OF
DEKALB COUNTY, GA.
7/18/2022 1:00 PM
E-FILED
BY: Patricia Nesbitt

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.: 22A02586

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT JAVIER GARCIA

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits the following written Interrogatories to Defendant, Javier Garcia, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," or "**Garcia**" means Defendant Javier Garcia.

6.  "**BH Trucks**" means Defendant BH TRUCKS AND TAILER RENTAL, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.  "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

9.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

10. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

11. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

12.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

13.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

1.

State your full name, date and place of birth, and social security number.

2.

Have you ever been known by any name(s) other than the one you identified in the preceding Interrogatory?  If so, identify each name and for each name explain when you were known by that name, whether you had a separate social security number and/or drivers license in that name, and explain why you changed names or went by more than one name.

3.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

4.

If you are currently married, identify your spouse, your spouse's employer and job position, and your date of marriage.

5.

If you have ever been divorced, for each divorce identify your former spouse's name and the date and jurisdiction of your divorce.

6.

Identify everyone who resides in your home with you, giving names, ages, and relationships.

7.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

8.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending.  For each person, identify his/or her employer, job position, age and how each is related to you.  This information is needed for jury selection purposes.

9.

Identify each school and/or vocational training programs you have attended starting with high school and provide the dates you attended and whether or not you graduated.

10.

State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

11.

If you have ever served your country or community in any way, please explain your service and provide the dates when you served.

12.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

13.

If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

14.

Identify each motor vehicle collision(s) that you have been involved in during the past 10 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

15.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition.  This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

16.

If you have ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

17.

For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

18.

If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

19.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, sleep motor skills, sensory abilities, etc.) and/or any prescriptions during the past five years whatsoever?  If so, describe in detail each condition and/or prescription and identify who treated you for each such condition and/or who prescribed you each such drug.

20.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)?  If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

21.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training

received since obtaining your CDL.

22.

If you were not completely honest in providing information to BH Trucks and/or Benito Hernandez Trucking in connection with your hiring, driver qualification, or otherwise, please explain what you were not fully honest about and why.

### YOU AND BH TRUCKS AND/OR BENITO HERNANDEZ TRUCKING

23.

As to your work with BH Trucks and/or Benito Hernandez Trucking provide the following information:

(a) What was your employment status on date of Subject Collision (employed company driver, leased driver, other);

(b) Explain how you were paid (by hour, by load, by mile, salary or other);

(c) Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and

(d) If you have been terminated, explain when and why you were terminated.

24.

Describe in detail all training and education (including on the job training) provided to you by or on behalf of BH Trucks and/or Benito Hernandez Trucking at any time and in any way related to the operation of a commercial motor vehicle.

25.

Identify your primary supervisor(s) and manager(s) at BH Trucks and/or Benito Hernandez Trucking at the time of the Subject Collision.

26.

For the time period starting 48 hours before the Subject Collision and ending 48 hours after the Subject Collision, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of BH Trucks and/or Benito Hernandez Trucking, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose.

**<u>Subject Collision</u>**

27.

Identify each person with whom you communicated in any way regarding the Subject Collision at any time and provide the details of when, why, where, and for what purpose these communications occurred.  Communications for which you assert a privilege should be identified on a privilege log.

28.

Identify all persons who to your knowledge were present at the scene of the Subject Collision within 48 hours of the time of the Subject Collision and explain their role at the scene of the Subject Collision and what actions they took.

29.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

30.

Have you prepared and/or given any statement or account of what happened in the Subject Collision to anyone?  If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

31.

If you maintain that Plaintiff has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for her responsibility and identify all person(s) who have any knowledge regarding this issue.

32.

If you maintain that any person or entity other than you has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

33.

Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject Collision occurred?  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

34.

Please describe all judicial or administrative hearings or proceedings (including workers' compensation and criminal) concerning the Subject Collision, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present,

and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

35.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

36.

List any factual errors you contend are contained in the police report of the Subject Collision.  For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

37.

Do you accept responsibility for causing the Subject Collision?

38.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72-hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>MISCELLANEOUS</u>

39.

With respect to the trip that you were on at the time of the Subject Collision, provide the following information:

(a)     Identify where and when (date and time) you picked up the load you had at the time of the Subject Collision;

(b)   Identify where (name and address of location) and when (date and time) the load was to be delivered;

(c)   Identify the location, time, duration and reason for each stop you made from the time you picked up the load until the time of the Subject Collision; and

(d)   Identify the route you intended to follow from the point of origin to the point of destination.

40.

Explain in detail where you were and what you were doing during the 72 hours immediately prior to and the 48 hours immediately following the Subject Collision.  This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

41.

With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a)   Identify all errors on your logs of which you are aware;

(b)   Identify all HOS violations of which you are aware;

(c)   Are you aware of any audit of your HOS for the 8 days leading up to the collision?

42.

For each communication device (cell phone, text message device, e-mail device, etc.) that was in the tractor you were operating on the day of the Subject Collision, explain whether or not

it was in use at any time in the hour preceding the Subject Collision and identify the service provider, account number, phone number and owner.

43.

Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**INSURANCE**

44.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

 _/s/ Anne Marie du Toit_____
Anne Marie du Toit Georgia
Bar No. 213320
Catherine D. Payne Georgia
Bar No. 463911


STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta,      GA      30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

                     Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                     Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT JAVIER GARCIA**

      COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following Request for Production of Documents to Defendant Javier Garcia, pursuant to the

Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

      As used herein, the terms listed below are defined as follows:

  1.  The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," "**Garcia**" means Defendant Javier Garcia.

6.  "**BH Trucks**" means Defendant BH TRUCKS AND TRAILER RENTAL, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

9.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document relied upon by you in any way in responding to Plaintiff's First Interrogatories to Javier Garcia.

**REQUEST NO. 2:**   Each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision including any excess or umbrella policies covering you on the date of the Subject Collision.

**REQUEST NO. 3:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### YOUR INFORMATION

**REQUEST NO. 4:**   All documents setting forth the relationship between you and BH Trucks.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 5:**   All documents setting forth the relationship between you and Benito Hernandez Trucking.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and

retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 6:**   All documents that relate to your qualifications to operate a commercial motor vehicle.

**REQUEST NO. 7:**   All documents that relate to work you have done for any trucking company in the past seven years.  This includes any documents you prepared for any trucking company and any documents you ever received from any trucking company.

**REQUEST NO. 8:**   All medical certificates issued to you for the past seven years.

**REQUEST NO. 9:**   All blood and/or urine drug/alcohol test results for the past seven years.

**REQUEST NO. 10:**   All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 11:**   All documents that relate in any way to your orientation at BH Trucks.

**REQUEST NO. 12:**   All documents that relate in any way to your orientation at Benito Hernandez Trucking.

**REQUEST NO. 13:**   All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 14:**   The front and back of every driver's license issued to you (regardless of name used).

**REQUEST NO. 15:**   All documents giving notice to BH Trucks of any violation of any law, ordinance or regulation.

**REQUEST NO. 16:**   All documents giving notice to Benito Hernandez Trucking of any violation of any law, ordinance or regulation.

**REQUEST NO. 17:**  All citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of BH Trucks directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 19:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Benito Hernandez Trucking directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 20:**  All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**REQUEST NO. 21:**  For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:**  All MVR records regarding you.

**REQUEST NO. 23:**  All DAC report regarding you.

**REQUEST NO. 24:**  Copies of each personnel file and employment-related file in your possession.

**REQUEST NO. 25:**  All medical treatment records related to injuries sustained by you in

during the Subject Collision.

**REQUEST NO. 26:**  All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

**REQUEST NO. 27:**  All correspondence and other communications of any kind between you and any other Defendant in this case.

**HOURS OF SERVICE RELATED DOCUMENTS**

**REQUEST NO. 28:**  All hours of service logs and other time logs for the period beginning 8 days before the Subject Collision and ending 8 days following the Subject Collision.

**REQUEST NO. 29:**  In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 8 days before the Subject Collision and ending 2 days following the Subject Collision.

**REQUEST NO. 30:**  For the period beginning 8 days prior to the Subject Collision and ending 2 days after the Subject Collision produce all of the following documents:

        a.        bills of lading, pick-up and delivery records, manifests;

        b.        dispatch/radio records;

        c.        fax transmissions;

        d.        gate record receipts and yard receipts;

        e.        port of entry receipts;

        f.        pre-rate records;

        g.        wrecker or tow truck records;

        h.        trip summaries;

        i.        credit card receipts;

        j.        toll tickets/receipts;

k.      fuel receipts;

l.      weight/scale tickets;

m.      state entry and departure records;

n.      expense sheets;

o.      interchange and inspection reports;

p.      driver and vehicle examination reports;

q.      manifests and waybills;

r.      rental contracts involving the vehicle;

s.      seal records for the trailer(s);

t.      crash reports;

u.      traffic citations;

v.      overweight/oversize permits;

w.      lodging receipts;

x.      repair/maintenance receipts;

### VEHICLE INFORMATION

**REQUEST NO. 31:**  All out of service orders for the vehicle in question.

**REQUEST NO. 32:**  All documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 33:**  For the tractor and trailer involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Collision and ending one week after the Subject Collision.

## LOAD

**REQUEST NO. 34:**  All documents that relate, refer and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 35:**  Copies of all documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 36:**  All documents sent by you to any person or entity (other than your attorney(s)), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 37:**  All documents related to any investigation done by or on behalf of BH Trucks of the scene of the Subject Collision.

**REQUEST NO. 38:**  All documents related to any investigation done by or on behalf of Benito Hernandez Trucking of the scene of the Subject Collision.

**REQUEST NO. 39:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 40:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

d.    Any evidence (roadway markings or other) relevant to the Subject

Collision.

**REQUEST NO. 41:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 42:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 43:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**REQUEST NO. 44:**  A copy of your cell phone records for the period beginning 48 hours before the Subject Collision and ending 24 hours after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc.  If you do not have these documents in your possession, you are requested to login into your account and preserve these records and/or contact your cellular provider and obtain a copy of these records as these records are within your control.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 45:**  All documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

## <u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 46:**  All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by BH Trucks that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

**REQUEST NO. 47:**  All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by Benito Hernandez Trucking that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

## <u>EXPERTS</u>

**REQUEST NO. 48:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.     A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

    b.     A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

    c.     A copy of the entire file of said expert;

    d.     A current résumé or curriculum vitae for said expert; and

    e.     All billing records and work logs for said expert.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_
Anne Marie du Toit Georgia
Bar No. 213320
Catherine D. Payne Georgia
Bar No. 463911


2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

              Plaintiff,

vs.                                                    **JURY TRIAL DEMANDED**

BH TRUCKS AND TRAILER RENTAL,                CIVIL ACTION
LLC, BENITO HERNANDEZ TRUCKING,              FILE NO. 22A02586
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

              Defendants.

---

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO**
**JAVIER GARCIA**

---

        COMES NOW, Nona Watts, Plaintiff in the above-captioned lawsuit and pursuant to the

Georgia Civil Practice Act  hereby propounds the following Requests for Admission to Defendant

Javier Garcia ("Garcia") for response within thirty (30) days from the date of service.

                              **DEFINITIONS**

        As used herein, the terms listed below are defined as follows:

    1.  **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on

Buford Highway in DeKalb County on October 28, 2020 involving Defendant Javier Garcia and

Plaintiff Nona Watts.

    2.  "**You**," "**Your**," or "**Garcia**" means Defendant Javier Garcia.

    3.  "**BH Trucks**" means Defendant BH TRUCKS AND TRAILER RENTAL, LLC and

includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting

or purporting to act for it or on its behalf.

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

4. "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

5. "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Javier Garcia at the time of the Subject Collision.

7. "**Plaintiff**" or "**Watts**" means Plaintiff Nona Watts.

## REQUESTS FOR ADMISSION

1.

Garcia is a proper party to this lawsuit.

2.

Garcia is properly named in this lawsuit.

3.

Service was proper on Garcia in this case.

4.

Garcia is subject to the jurisdiction of this Court.

5.

Venue is proper as to Garcia in this Court.

6.

Garcia operated the Tractor-Trailer that was involved in the Subject Collision.

7.

On October 28, 2020, the Tractor-Trailer being operated by Garcia was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

The Tractor-Trailer being operated by Garcia at the time of the Subject Collision is owned by BH Trucks.

9.

Garcia was an employee of BH Trucks at the time of the Subject Collision.

10.

The Tractor-Trailer being operated by Garcia at the time of the Subject Collision is owned by Benito Hernandez Trucking.

11.

Garcia was an employee of Benito Hernandez Trucking at the time of the Subject Collision.

12.

Garcia was acting within the course and scope of his employment with BH Trucks at the time of the Subject Collision.

13.

Garcia was acting within the course and scope of his employment with Benito Hernandez Trucking at the time of the Subject Collision.

14.

At the time of the Subject Collision, Garcia was working under the control and authority of BH Trucks.

15.

At the time of the Subject Collision, Garcia was working under the control and authority of Benito Hernandez Trucking.

16.

At the time of the Subject Collision, you had BH Trucks's permission to operate the Tractor-Trailer.

17.

At the time of the Subject Collision, you had Benito Hernandez Trucking's permission to operate the Tractor-Trailer.

18.

At the time of the Subject Collision, you were required to follow all applicable standards set forth in the Commercial Driver License Manual.

19.

At the time of the Subject Collision, you were required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

20.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

21.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

22.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

23.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

24.

Plaintiff has no responsibility for causing the Subject Collision.

25.

You are partially responsible for causing the Subject Collision.

26.

You are is fully responsible for causing the Subject Collision.

27.

You are not aware of any evidence or proof that someone other than Garcia was the proximate cause of the Subject Collision.

28.

No person or entity other than Garcia has responsibility for causing the Subject Collision.

29.

BH Trucks is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

30.

Benito Hernandez Trucking is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

31.

You were the primary cause of the Subject Collision.

**Served with Plaintiff's Complaint.**

     This 14th day of July, 2022.

               PAYNE & DU TOIT

                _/s/ Anne Marie du Toit_
               Anne Marie du Toit
               Georgia Bar No. 213320
               Catherine D. Payne
               Georgia Bar No. 463911

               2275 Marietta Blvd NW
               Ste. 270-245
               Atlanta, GA 30318-2019
               adutoit@pdtfirm.com
               cpayne@pdtfirm.com

               *Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

Defendants.

CIVIL ACTION
FILE NO. 22A02586


### AFFIDAVIT OF COMPLIANCE WITH O.C.G.A. § 40-12-2

I, ANNE MARIE DU TOIT, the undersigned having been duly sworn, states as follows:

1. I am over the age of eighteen (18) years and am competent to testify and give this Affidavit based upon my personal knowledge that the facts contained herein are true and correct.

2. I am a licensed attorney in good standing with the State Bar of Georgia who has been retained to provide legal representation on behalf of the Plaintiff, Nona Watts, in this Action for personal injuries Plaintiff sustained in a motor vehicle collision caused by Defendant Javier Garcia that occurred within the State of Georgia.

3. It is believed that Defendant was a non-resident of the State of Georgia at the time of the collision, and that he still remains a non-resident of the State of Georgia. Upon information and belief, his last known address is 2301 N. McColl Rd., Trlr. 33, McAllen, TX 78501.

4. I do hereby certify that contemporaneously with the execution of this affidavit, pursuant to O.C.G.A. § 40-12-2, I am serving the below listed documents (a)-(i) on the Georgia Secretary of State Brad Raffensperber via the Georgia Secretary of State website. I am also contemporaneously sending copies of the same documents (a)-(i) to Defendant Javier Garcia via UPS Next Day Air (with signature delivery confirmation) to his last known address at 2301 N. McColl Rd., Trlr. 33, McAllen, TX 78501:

    a. Summons;

    b. Complaint;

    c. General Civil Case Filing Information Form;

    d. Plaintiff's First Interrogatories to Defendant Javier Garcia;

    e. Plaintiff's First Request for Production of Documents and Things to Defendant Javier Garcia;

    f. Plaintiff's First Requests for Admission to Defendant Javier Garcia;

    g. A copy of this Affidavit and Notice of Compliance with O.C.G.A. § 40-12-2 (once executed).

5. I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff affidavit of compliance.

This 19th day of July, 2022.

PAYNE & DU TOIT

Anne Marie du Toit
Georgia Bar No. 213320

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
*Attorneys for Plaintiff*

Sworn to and subscribed before me this 19 day of July, 2022.

NOTARY PUBLIC

Personally known to me ✓ OR Produced Identification _____

_____

Type of Identification Produced

2

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

                    Plaintiffs,

vs.                                                    CIVIL ACTION
                                                       FILE NO.  22A02586
BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                    Defendants.

**PLAINTIFF'S NOTICE OF FILING PROOF OF DELIVERY OF SERVICE**

Plaintiff, by and through her undersigned attorneys, hereby files proof of service of process

on Defendant, by filing delivery confirmations of the documents served upon Defendant Javier

Garcia and the Georgia Secretary of State which are referenced in the July 19, 2022 Affidavit of

Compliance with O.C.G.A. § 40-12-2.

This 8th day of August, 2022.

                              PAYNE & DU TOIT

                              ___/s/ Anne Marie du Toit_____
                              Anne Marie du Toit
                              Georgia Bar No. 213320
                              Catherine D. Payne
                              Georgia Bar No. 463911

                              2275 Marietta Blvd NW
                              Ste. 270-245
                              Atlanta, GA 30318-2019
                              adutoit@pdtfirm.com
                              cpayne@pdtfirm.com

                              *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF FILING PROOF OF DELIVERY OF SERVICE** upon Defendants by placing a true and correct copy in the United States Mail with sufficient postage affixed thereon, addressed as follows:

BH Trucks and Trailer Rental, LLC
5100 N. Minnesota Rd.
Mission, TX 78572
*Pro Se Defendant*

Benito Hernandez Trucking, LLC
5100 N. Minnesota Rd.
Mission, TX 78572
*Pro Se Defendant*

Javier Garcia
2301 N. McCall Rd.
Trlr. 33
McAllen, TX 78501
*Pro Se Defendant*

Hudson Insurance Company
100 William Street
New York, NY 10038
*Pro Se Defendant*

This 8th day of August, 2022.

PAYNE & DU TOIT

*__/s/ Anne Marie du Toit_____*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**
1Z9A1R912912182049

**Weight**
0.60 LBS

**Service**
UPS Next Day Air Saver®

**Shipped / Billed On**
07/19/2022

**Additional Information**
Signature Required

**Delivered On**
07/20/2022 1:21 P.M.

**Delivered To**
MCALLEN, TX, US

**Received By**
GARCIA

**Left At**
Residential

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 08/08/2022 8:56 A.M. EST

Control Number : SOP-22167849

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Javier Garcia

have been filed with the Secretary of State on 07/19/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Nona Watts v. Javier Garcia
Court: State Court of DeKalb County
Civil Action No.: 22A02586

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/08/2022.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 7/19/2022 12:26:42 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-22167849 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Javier Garcia |
| Defendant's Address Where Service Attempted and/or Forwarded | : 2301 N. McColl Rd., Trlr 33, McAllen, TX, 78501, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Nona Watts |
| Style of Proceeding | : Nona Watts v. BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, LLC, Javier Garcia, and Hudson Insurance Company |
| Civil Action Number | : 22A02586 |
| Court | : State Court of DeKalb County |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Business |
| Name | : Payne & du Toit |
| Address | : 2275 Marietta Blvd., Ste. 270-245, Atlanta, GA, 30318, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : Anne Marie du Toit |

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

**COMPLAINT**

COME NOW Nona Watts, Plaintiff, and makes and files this complaint against

Defendants BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, Javier

Garcia, and Hudson Insurance Company as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to

the jurisdiction of this court.

2.

Defendant BH Trucks and Trailer Rental, LLC is a limited liability company and is

authorized to transact business in the State of Georgia and may be served through the

Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the

jurisdiction of this court.

-1-

3.

Defendant Benito Hernandez Trucking, LLC is a limited liability company and is authorized to transact business in the State of Georgia and may be served through the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the jurisdiction of this court.

4.

Defendant Hudson Insurance Company ("Hudson") is a foreign insurance company and may be served through its registered agent Dina G. Daskalakis located at 100 William Street, New York, NY 10038 and is subject to the jurisdiction of this court.

5.

Defendant Javier Garcia ("Garcia") is a resident of the State of Texas and is subject to the jurisdiction and venue of this court pursuant to Georgia's Non-Resident Motorist Act, O.C.G.A. § 40-12-1. He may be served with a copy of this Complaint and Summons at his place of residence, 2301 N. McCall Rd., Trlr. 33, McAllen, TX 78501.

6.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

7.

On or about October 28, 2020, Plaintiff Watts was driving a 2014 Chrysler 300 southbound on Buford Highway in DeKalb County, Georgia.

8.

On or about October 28, 2020, Defendant Garcia was driving a tractor-trailer southbound on Buford Highway in DeKalb County, Georgia behind Plaintiff Watts' vehicle.

9.

Defendant Garcia failed to see Plaintiff's vehicle in front of him and he struck the rear of vehicle driven by Plaintiff from behind.

10.

As a result of the collision, Plaintiff suffered injuries to her knees, back, shoulder, neck, head, and right upper extremity.

## COUNT I – NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Garcia was negligent in the following manners:

a.   In following too closely;

b.   In failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle;

c.   In failing to make timely and proper application of his brakes;

d.   In failing to observe or undertake the necessary precautions to keep his tractor trailer from colliding with the Plaintiff's vehicle;

e.   In operating his tractor-trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity;

f.   In committing other negligent and reckless acts or omissions as may be shown by the evidence and proven at trial.

13.

Defendant Garcia's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant BH Trucks and Trailer Rental, LLC.

16.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant BH Trucks and Trailer Rental, LLC.

17.

Defendant BH Trucks and Trailer Rental, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

18.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant Benito Hernandez Trucking, LLC.

19.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant Benito Hernandez Trucking, LLC.

20.

Defendant Benito Hernandez Trucking, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant BH Trucks and Trailer Rental, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

23.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly train Defendant Garcia.

24.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly supervise Defendant Garcia.

25.

Defendant BH Trucks and Trailer Rental, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

26.

Defendant Benito Hernandez Trucking, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

27.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly train Defendant Garcia.

28.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly supervise Defendant Garcia.

29.

Defendant Benito Hernandez Trucking, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## **COUNT IV – DIRECT ACTION**

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant Benito Hernandez Trucking, LLC pursuant to O.C.G.A. § 40-2-140.

32.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

33.

Defendant Hudson Insurance Company was the insurer of Defendant Benito Hernandez Trucking, LLC at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

34.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

35.

Defendants Benito Hernandez Trucking, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

36.

Defendants Defendant BH Trucks and Trailer Rental, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

37.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant BH Trucks and Trailer Rental, LLC.

38.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant Benito Hernandez Trucking, LLC.

## COUNT V – DAMAGES

39.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

41.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

42.

As a result of Defendants' negligence, Plaintiff sustained damages to her vehicle for which she is entitled to compensation.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover for damage to her property;

d. That Plaintiff recover such other and further relief as is just and proper.

This 14th day of July, 2022.

PAYNE & DU TOIT

 /s/ Anne Marie du Toit
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

-8-

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

No. _____ 22A02586 _____

**Date Summons Issued and E-Filed**

_____ 7/14/2022 _____

_____ /s/ Monica Gay _____

_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

_____

Nona Watts
_____
Plaintiff's name and address

**vs.**

BH Trucks and Trailer Rental, LLC,
Benito Hernandez Trucking, LLC,
Javier Garcia, and Hudson Insurance Company,
_____
Defendant's name and address

**[ ] JURY**

**TO THE ABOVE-NAMED DEFENDANT:**   Javier Garcia

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit
_____

Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318
_____

Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____       _____
Defendant's Attorney                                       Third Party Attorney

_____       _____
Address                                                      Address

_____       _____
Phone No.                          Georgia Bar No.          Phone No.                          Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $  _____
☐Other

                                                           Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for**
**service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**7/14/2022 4:16 PM**
**E-FILED**
**BY: Monica Gay**

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___Dekalb___ County

| For Clerk Use Only | 7/18/2022 | 22A02586 |
|---|---|---|
| **Date Filed** _____ | | **Case Number** _____ |
| **MM-DD-YYYY** | | |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Watts, Nona | BH Trucks and Trailer Rental LLC |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Benito Hernandez Trucking, LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Garcia, Javier | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Hudson Insurance Company | | | | |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

**Plaintiff's Attorney** ___Anne Marie du Toit___     Bar Number ___213320___     Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

STATE COURT OF
DEKALB COUNTY, GA.
7/18/2022 1:00 PM
E-FILED
BY: Patricia Nesbitt

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

                    Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                    Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT JAVIER GARCIA

      COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits the following written Interrogatories to Defendant, Javier Garcia, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

      As used herein, the terms listed below are defined as follows:

    1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," or "**Garcia**" means Defendant Javier Garcia.

6.  "**BH Trucks**" means Defendant BH TRUCKS AND TAILER RENTAL, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.  "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

9.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

10. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

11. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

12. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

13. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## <u>INTERROGATORIES</u>

### <u>YOUR BACKGROUND INFORMATION</u>

1.

State your full name, date and place of birth, and social security number.

2.

Have you ever been known by any name(s) other than the one you identified in the preceding Interrogatory? If so, identify each name and for each name explain when you were known by that name, whether you had a separate social security number and/or drivers license in that name, and explain why you changed names or went by more than one name.

3.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

4.

If you are currently married, identify your spouse, your spouse's employer and job position, and your date of marriage.

5.

If you have ever been divorced, for each divorce identify your former spouse's name and the date and jurisdiction of your divorce.

6.

Identify everyone who resides in your home with you, giving names, ages, and relationships.

7.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

8.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending.  For each person, identify his/or her employer, job position, age and how each is related to you.  This information is needed for jury selection purposes.

9.

Identify each school and/or vocational training programs you have attended starting with high school and provide the dates you attended and whether or not you graduated.

10.

State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

11.

If you have ever served your country or community in any way, please explain your service and provide the dates when you served.

12.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

13.

If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

14.

Identify each motor vehicle collision(s) that you have been involved in during the past 10 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

15.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition.  This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

16.

If you have ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

17.

For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

18.

If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

19.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, sleep motor skills, sensory abilities, etc.) and/or any prescriptions during the past five years whatsoever?  If so, describe in detail each condition and/or prescription and identify who treated you for each such condition and/or who prescribed you each such drug.

20.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)?  If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

21.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training

received since obtaining your CDL.

22.

If you were not completely honest in providing information to BH Trucks and/or Benito Hernandez Trucking in connection with your hiring, driver qualification, or otherwise, please explain what you were not fully honest about and why.

**YOU AND BH TRUCKS AND/OR BENITO HERNANDEZ TRUCKING**

23.

As to your work with BH Trucks and/or Benito Hernandez Trucking provide the following information:

(a)    What was your employment status on date of Subject Collision (employed company driver, leased driver, other);

(b)    Explain how you were paid (by hour, by load, by mile, salary or other);

(c)    Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and

(d)    If you have been terminated, explain when and why you were terminated.

24.

Describe in detail <u>all</u> training and education (including on the job training) provided to you by or on behalf of BH Trucks and/or Benito Hernandez Trucking at any time and in any way related to the operation of a commercial motor vehicle.

25.

Identify your primary supervisor(s) and manager(s) at BH Trucks and/or Benito Hernandez Trucking at the time of the Subject Collision.

26.

For the time period starting 48 hours before the Subject Collision and ending 48 hours after the Subject Collision, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of BH Trucks and/or Benito Hernandez Trucking, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose.

**SUBJECT COLLISION**

27.

Identify each person with whom you communicated in any way regarding the Subject Collision at any time and provide the details of when, why, where, and for what purpose these communications occurred. Communications for which you assert a privilege should be identified on a privilege log.

28.

Identify all persons who to your knowledge were present at the scene of the Subject Collision within 48 hours of the time of the Subject Collision and explain their role at the scene of the Subject Collision and what actions they took.

29.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

30.

Have you prepared and/or given any statement or account of what happened in the Subject Collision to anyone?  If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

31.

If you maintain that Plaintiff has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for her responsibility and identify all person(s) who have any knowledge regarding this issue.

32.

If you maintain that any person or entity other than you has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

33.

Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject Collision occurred?  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

34.

Please describe all judicial or administrative hearings or proceedings (including workers' compensation and criminal) concerning the Subject Collision, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present,

and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

## 35.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

## 36.

List any factual errors you contend are contained in the police report of the Subject Collision.  For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

## 37.

Do you accept responsibility for causing the Subject Collision?

## 38.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72-hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

## <u>MISCELLANEOUS</u>

## 39.

With respect to the trip that you were on at the time of the Subject Collision, provide the following information:

(a)     Identify where and when (date and time) you picked up the load you had at the time of the Subject Collision;

(b)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(c)     Identify the location, time, duration and reason for each stop you made from the time you picked up the load until the time of the Subject Collision; and

(d)     Identify the route you intended to follow from the point of origin to the point of destination.

40.

Explain in detail where you were and what you were doing during the 72 hours immediately prior to and the 48 hours immediately following the Subject Collision.  This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

41.

With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a)     Identify all errors on your logs of which you are aware;

(b)     Identify all HOS violations of which you are aware;

(c)     Are you aware of any audit of your HOS for the 8 days leading up to the collision?

42.

For each communication device (cell phone, text message device, e-mail device, etc.) that was in the tractor you were operating on the day of the Subject Collision, explain whether or not

it was in use at any time in the hour preceding the Subject Collision and identify the service provider, account number, phone number and owner.

43.

Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**INSURANCE**

44.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

 _/s/ Anne Marie du Toit_
Anne Marie du Toit Georgia
Bar No. 213320
Catherine D. Payne Georgia
Bar No. 463911


STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta,      GA      30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

NONA WATTS,

     Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

     Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT JAVIER GARCIA**

  COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following Request for Production of Documents to Defendant Javier Garcia, pursuant to the

Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

  As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.  "**You**," "**Your**," "**Garcia**" means Defendant Javier Garcia.

6.  "**BH Trucks**" means Defendant BH TRUCKS AND TRAILER RENTAL, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.  "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.  "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

9.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document relied upon by you in any way in responding to Plaintiff's First Interrogatories to Javier Garcia.

**REQUEST NO. 2:**   Each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision including any excess or umbrella policies covering you on the date of the Subject Collision.

**REQUEST NO. 3:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### YOUR INFORMATION

**REQUEST NO. 4:**   All documents setting forth the relationship between you and BH Trucks.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 5:**   All documents setting forth the relationship between you and Benito Hernandez Trucking.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, recruiting documents, termination letters, intent to hire/promise of employment, job descriptions, company hiring and

retention guidelines, requirements, standards, memorandum and the like.

**REQUEST NO. 6:**   All documents that relate to your qualifications to operate a commercial motor vehicle.

**REQUEST NO. 7:**   All documents that relate to work you have done for any trucking company in the past seven years.  This includes any documents you prepared for any trucking company and any documents you ever received from any trucking company.

**REQUEST NO. 8:**   All medical certificates issued to you for the past seven years.

**REQUEST NO. 9:**   All blood and/or urine drug/alcohol test results for the past seven years.

**REQUEST NO. 10:**  All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 11:**  All documents that relate in any way to your orientation at BH Trucks.

**REQUEST NO. 12:**  All documents that relate in any way to your orientation at Benito Hernandez Trucking.

**REQUEST NO. 13:**  All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 14:**  The front and back of every driver's license issued to you (regardless of name used).

**REQUEST NO. 15:**  All documents giving notice to BH Trucks of any violation of any law, ordinance or regulation.

**REQUEST NO. 16:**  All documents giving notice to Benito Hernandez Trucking of any violation of any law, ordinance or regulation.

**REQUEST NO. 17:**  All citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of BH Trucks directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 19:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Benito Hernandez Trucking directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 20:**  All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**REQUEST NO. 21:**  For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:**  All MVR records regarding you.

**REQUEST NO. 23:**  All DAC report regarding you.

**REQUEST NO. 24:**  Copies of each personnel file and employment-related file in your possession.

**REQUEST NO. 25:**  All medical treatment records related to injuries sustained by you in

during the Subject Collision.

**REQUEST NO. 26:**  All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

**REQUEST NO. 27:**  All correspondence and other communications of any kind between you and any other Defendant in this case.

<u>**HOURS OF SERVICE RELATED DOCUMENTS**</u>

**REQUEST NO. 28:**  All hours of service logs and other time logs for the period beginning 8 days before the Subject Collision and ending 8 days following the Subject Collision.

**REQUEST NO. 29:**  In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 8 days before the Subject Collision and ending 2 days following the Subject Collision.

**REQUEST NO. 30:**  For the period beginning 8 days prior to the Subject Collision and ending 2 days after the Subject Collision produce all of the following documents:

       a.       bills of lading, pick-up and delivery records, manifests;

       b.       dispatch/radio records;

       c.       fax transmissions;

       d.       gate record receipts and yard receipts;

       e.       port of entry receipts;

       f.       pre-rate records;

       g.       wrecker or tow truck records;

       h.       trip summaries;

       i.       credit card receipts;

       j.       toll tickets/receipts;

k.      fuel receipts;

l.      weight/scale tickets;

m.      state entry and departure records;

n.      expense sheets;

o.      interchange and inspection reports;

p.      driver and vehicle examination reports;

q.      manifests and waybills;

r.      rental contracts involving the vehicle;

s.      seal records for the trailer(s);

t.      crash reports;

u.      traffic citations;

v.      overweight/oversize permits;

w.      lodging receipts;

x.      repair/maintenance receipts;

## VEHICLE INFORMATION

**REQUEST NO. 31:**  All out of service orders for the vehicle in question.

**REQUEST NO. 32:**  All documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 33:**  For the tractor and trailer involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Collision and ending one week after the Subject Collision.

## LOAD

**REQUEST NO. 34:**  All documents that relate, refer and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 35:**  Copies of all documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 36:**  All documents sent by you to any person or entity (other than your attorney(s)), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 37:**  All documents related to any investigation done by or on behalf of BH Trucks of the scene of the Subject Collision.

**REQUEST NO. 38:**  All documents related to any investigation done by or on behalf of Benito Hernandez Trucking of the scene of the Subject Collision.

**REQUEST NO. 39:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 40:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 41:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 42:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 43:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**REQUEST NO. 44:**  A copy of your cell phone records for the period beginning 48 hours before the Subject Collision and ending 24 hours after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc.  If you do not have these documents in your possession, you are requested to login into your account and preserve these records and/or contact your cellular provider and obtain a copy of these records as these records are within your control.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 45:**  All documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

## <u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 46:**  All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by BH Trucks that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

**REQUEST NO. 47:**  All handbooks, manuals, policies, procedures, rules, guidelines, directives, and instructions ever given to you by Benito Hernandez Trucking that concern driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.

## <u>EXPERTS</u>

**REQUEST NO. 48:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

  a.   A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

  b.   A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

  c.   A copy of the entire file of said expert;

  d.   A current résumé or curriculum vitae for said expert; and

  e.   All billing records and work logs for said expert.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_
Anne Marie du Toit Georgia
Bar No. 213320
Catherine D. Payne Georgia
Bar No. 463911


2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

---

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO**
**JAVIER GARCIA**

---

       COMES NOW, Nona Watts, Plaintiff in the above-captioned lawsuit and pursuant to the

Georgia Civil Practice Act  hereby propounds the following Requests for Admission to Defendant

Javier Garcia ("Garcia") for response within thirty (30) days from the date of service.

### DEFINITIONS

       As used herein, the terms listed below are defined as follows:

1.  **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on

Buford Highway in DeKalb County on October 28, 2020 involving Defendant Javier Garcia and

Plaintiff Nona Watts.

2.  "**You**," "**Your**," or "**Garcia**" means Defendant Javier Garcia.

3.  "**BH Trucks**" means Defendant BH TRUCKS AND TRAILER RENTAL, LLC and

includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting

or purporting to act for it or on its behalf.

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

4.   "**Benito Hernandez Trucking**" means Defendant Benito Hernandez Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

5.   "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.   The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Javier Garcia at the time of the Subject Collision.

7.   "**Plaintiff**" or "**Watts**" means Plaintiff Nona Watts.

## <u>REQUESTS FOR ADMISSION</u>

1.

Garcia is a proper party to this lawsuit.

2.

Garcia is properly named in this lawsuit.

3.

Service was proper on Garcia in this case.

4.

Garcia is subject to the jurisdiction of this Court.

5.

Venue is proper as to Garcia in this Court.

6.

Garcia operated the Tractor-Trailer that was involved in the Subject Collision.

7.

On October 28, 2020, the Tractor-Trailer being operated by Garcia was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

The Tractor-Trailer being operated by Garcia at the time of the Subject Collision is owned by BH Trucks.

9.

Garcia was an employee of BH Trucks at the time of the Subject Collision.

10.

The Tractor-Trailer being operated by Garcia at the time of the Subject Collision is owned by Benito Hernandez Trucking.

11.

Garcia was an employee of Benito Hernandez Trucking at the time of the Subject Collision.

12.

Garcia was acting within the course and scope of his employment with BH Trucks at the time of the Subject Collision.

13.

Garcia was acting within the course and scope of his employment with Benito Hernandez Trucking at the time of the Subject Collision.

14.

At the time of the Subject Collision, Garcia was working under the control and authority of BH Trucks.

15.

At the time of the Subject Collision, Garcia was working under the control and authority of Benito Hernandez Trucking.

16.

At the time of the Subject Collision, you had BH Trucks's permission to operate the Tractor-Trailer.

17.

At the time of the Subject Collision, you had Benito Hernandez Trucking's permission to operate the Tractor-Trailer.

18.

At the time of the Subject Collision, you were required to follow all applicable standards set forth in the Commercial Driver License Manual.

19.

At the time of the Subject Collision, you were required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

20.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

21.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

22.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

23.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

24.

Plaintiff has no responsibility for causing the Subject Collision.

25.

You are partially responsible for causing the Subject Collision.

26.

You are is fully responsible for causing the Subject Collision.

27.

You are not aware of any evidence or proof that someone other than Garcia was the proximate cause of the Subject Collision.

28.

No person or entity other than Garcia has responsibility for causing the Subject Collision.

29.

BH Trucks is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

30.

Benito Hernandez Trucking is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

31.

You were the primary cause of the Subject Collision.

**Served with Plaintiff's Complaint.**

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_

Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911


2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*



STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

        Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

        Defendants.

CIVIL ACTION
FILE NO. 22A02586

## AFFIDAVIT OF COMPLIANCE WITH O.C.G.A. § 40-12-2

I, ANNE MARIE DU TOIT, the undersigned having been duly sworn, states as follows:

1. I am over the age of eighteen (18) years and am competent to testify and give this Affidavit based upon my personal knowledge that the facts contained herein are true and correct.

2. I am a licensed attorney in good standing with the State Bar of Georgia who has been retained to provide legal representation on behalf of the Plaintiff, Nona Watts, in this Action for personal injuries Plaintiff sustained in a motor vehicle collision caused by Defendant Javier Garcia that occurred within the State of Georgia.

3. It is believed that Defendant was a non-resident of the State of Georgia at the time of the collision, and that he still remains a non-resident of the State of Georgia. Upon information and belief, his last known address is 2301 N. McColl Rd., Trlr. 33, McAllen, TX 78501.

4. I do hereby certify that contemporaneously with the execution of this affidavit, pursuant to O.C.G.A. § 40-12-2, I am serving the below listed documents (a)-(i) on the Georgia Secretary of State Brad Raffensperber via the Georgia Secretary of State website. I am also contemporaneously sending copies of the same documents (a)-(i) to Defendant Javier Garcia via UPS Next Day Air (with signature delivery confirmation) to his last known address at 2301 N. McColl Rd., Trlr. 33, McAllen, TX 78501:

a.  Summons;
b.  Complaint;
c.  General Civil Case Filing Information Form;
d.  Plaintiff's First Interrogatories to Defendant Javier Garcia;
e.  Plaintiff's First Request for Production of Documents and Things to Defendant Javier Garcia;
f.  Plaintiff's First Requests for Admission to Defendant Javier Garcia;
g.  A copy of this Affidavit and Notice of Compliance with O.C.G.A. § 40-12-2 (once executed).

5.  I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon defendant by the plaintiff and (2) this plaintiff affidavit of compliance.

This 19th day of July, 2022.

PAYNE & DU TOIT

Anne Marie du Toit
Georgia Bar No. 213320

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
*Attorneys for Plaintiff*

Sworn to and subscribed before me this ___ day of ___, 2022.

NOTARY PUBLIC

Personally known to me ___ OR Produced Identification ___

Type of Identification Produced

2

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

                    Plaintiffs,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                    Defendants.

CIVIL ACTION
FILE NO.  22A02586

## PLAINTIFF'S NOTICE OF FILING PROOF OF DELIVERY OF SERVICE

Plaintiff, by and through her undersigned attorneys, hereby files proof of service of process on Defendant BH Trucks and Trailer LLC, by filing delivery confirmations of the documents served upon the Georgia Secretary of State and upon the Defendant by the Georgia Secretary of State in compliance with O.C.G.A. § 40-1-117.

This 6th day of September, 2022.

PAYNE & DU TOIT

    /s/ Anne Marie du Toit____
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day served a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF FILING PROOF OF DELIVERY OF SERVICE UPON BH TRUCKS AND TRAILER, LLC** upon Defendants by placing a true and correct copy in the United States Mail with sufficient postage affixed thereon, addressed as follows:

BH Trucks and Trailer Rental, LLC
5100 N. Minnesota Rd.
Mission, TX 78572
*Pro Se Defendant*

Benito Hernandez Trucking, LLC
5100 N. Minnesota Rd.
Mission, TX 78572
*Pro Se Defendant*

Javier Garcia
2301 N. McCall Rd.
Trlr. 33
McAllen, TX 78501
*Pro Se Defendant*

Hudson Insurance Company
100 William Street
New York, NY 10038
*Pro Se Defendant*

This 6th day of sEPTEMBER, 2022.

PAYNE & DU TOIT

   */s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

Control Number : SOP-22163725

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### BH Trucks and Trailer Rental, LLC

have been filed with the Secretary of State on 07/18/2022 pursuant to O.C.G.A. § 40-1-117 relating to the following matter:

Case: Nona Watts v. BH Trucks and Trailer Rental, LLC
Court: State Court of DeKalb County
Civil Action No.: 22A02586

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/01/2022.

STATE COURT OF
DEKALB COUNTY, GA.
9/6/2022 10:55 AM
E-FILED
BY: Kelly Johnson



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

Control Number : SOP-22163725

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATION

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that I have received in my office copies of legal documents in the matter of:

**Nona Watts v. BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, LLC, Javier Garcia, and Hudson Insurance Company**
**State Court of DeKalb County**
**Civil Action No. 22A02586**

A copy of said documents has been forwarded by registered mail or certified mail, return receipt requested to:

**BH Trucks and Trailer Rental, LLC**

A copy of the return receipt will be forwarded to the filing person when it is received in my office.

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/01/2022.



STATE COURT OF
DEKALB COUNTY, GA.
9/6/2022 10:55 AM
E-FILED
BY: Kelly Johnson

*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BH TRUCKS AND TRAILER RENTAL, LLC
C/O BENITO HERNANDEZ
5700 N. MINNESOTA RD
MISSION, TX 78572

9590 9401 0135 5225 4097 86

2. Article Number (Transfer from service label)

7014 3490 0000 5603 6994

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  COU9                    ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
   COU9                              5/12/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 7/18/2022 2:48:24 PM

## FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-22163725 |

## DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Business |
| Defendant's Name | : BH Trucks and Trailer Rental, LLC |
| Control Number of the Business Entity (if applicable) | : |
| Registered Agent's or Defendant's Address Where Service Attempted and/or Forwarded | : c/o Benito Hernandez, 5100 N. Minnesota Rd., Mission, TX, 78572, USA |

## STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-1-117

## CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Nona Watts |
| Style of Proceeding | : Nona Watts v. BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, LLC, Javier Garcia, and Hudson Insurance Company |
| Civil Action Number | : 22A02586 |
| Court | : State Court of DeKalb County |

## SERVICE OF PROCESS DOCUMENTS

See attached document(s).

## FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Business |
| Name | : Payne & du Toit |
| Address | : 2275 Marietta Blvd., Ste. 270-245, Atlanta, GA, 30318, USA |

## AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Anne Marie du Toit |

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

               Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

               Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

**COMPLAINT**

COME NOW Nona Watts, Plaintiff, and makes and files this complaint against

Defendants BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, Javier

Garcia, and Hudson Insurance Company as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to

the jurisdiction of this court.

2.

Defendant BH Trucks and Trailer Rental, LLC is a limited liability company and is

authorized to transact business in the State of Georgia and may be served through the

Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the

jurisdiction of this court.

-1-

3.

Defendant Benito Hernandez Trucking, LLC is a limited liability company and is authorized to transact business in the State of Georgia and may be served through the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the jurisdiction of this court.

4.

Defendant Hudson Insurance Company ("Hudson") is a foreign insurance company and may be served through its registered agent Dina G. Daskalakis located at 100 William Street, New York, NY 10038 and is subject to the jurisdiction of this court.

5.

Defendant Javier Garcia ("Garcia") is a resident of the State of Texas and is subject to the jurisdiction and venue of this court pursuant to Georgia's Non-Resident Motorist Act, O.C.G.A. § 40-12-1. He may be served with a copy of this Complaint and Summons at his place of residence, 2301 N. McCall Rd., Trlr. 33, McAllen, TX 78501.

6.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

7.

On or about October 28, 2020, Plaintiff Watts was driving a 2014 Chrysler 300 southbound on Buford Highway in DeKalb County, Georgia.

8.

On or about October 28, 2020, Defendant Garcia was driving a tractor-trailer southbound on Buford Highway in DeKalb County, Georgia behind Plaintiff Watts' vehicle.

9.

Defendant Garcia failed to see Plaintiff's vehicle in front of him and he struck the rear of vehicle driven by Plaintiff from behind.

10.

As a result of the collision, Plaintiff suffered injuries to her knees, back, shoulder, neck, head, and right upper extremity.

## COUNT I – NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Garcia was negligent in the following manners:

a.  In following too closely;

b.  In failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle;

c.  In failing to make timely and proper application of his brakes;

d.  In failing to observe or undertake the necessary precautions to keep his tractor trailer from colliding with the Plaintiff's vehicle;

e.  In operating his tractor-trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity;

f.  In committing other negligent and reckless acts or omissions as may be shown by the evidence and proven at trial.

13.

Defendant Garcia's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant BH Trucks and Trailer Rental, LLC.

16.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant BH Trucks and Trailer Rental, LLC.

17.

Defendant BH Trucks and Trailer Rental, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

18.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant Benito Hernandez Trucking, LLC.

19.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant Benito Hernandez Trucking, LLC.

20.

Defendant Benito Hernandez Trucking, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant BH Trucks and Trailer Rental, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

23.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly train Defendant Garcia.

24.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly supervise Defendant Garcia.

25.

Defendant BH Trucks and Trailer Rental, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

26.

Defendant Benito Hernandez Trucking, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

27.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly train Defendant Garcia.

28.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly supervise Defendant Garcia.

29.

Defendant Benito Hernandez Trucking, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## **COUNT IV – DIRECT ACTION**

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant Benito Hernandez Trucking, LLC pursuant to O.C.G.A. § 40-2-140.

32.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

33.

Defendant Hudson Insurance Company was the insurer of Defendant Benito Hernandez Trucking, LLC at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

34.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

35.

Defendants Benito Hernandez Trucking, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

36.

Defendants Defendant BH Trucks and Trailer Rental, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

37.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant BH Trucks and Trailer Rental, LLC.

38.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant Benito Hernandez Trucking, LLC.

## **COUNT V – DAMAGES**

39.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

41.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

42.

As a result of Defendants' negligence, Plaintiff sustained damages to her vehicle for which she is entitled to compensation.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a.  That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b.  That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiff recover for damage to her property;

d.  That Plaintiff recover such other and further relief as is just and proper.

This 14th day of July, 2022.

PAYNE & DU TOIT

 /s/ Anne Marie du Toit
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

No. ___22A02586___

**Date Summons Issued and E-Filed**

___7/14/2022___

___/s/ Monica Gay___

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

_____

Nona Watts

_____

Plaintiff's name and address

**vs.**

BH Trucks and Trailer Rental, LLC,
~~Benito Hernandez Trucking, LLC,~~
Javier Garcia, and Hudson Insurance Company,

_____

Defendant's name and address

[ ] **JURY**

**TO THE ABOVE-NAMED DEFENDANT:**  BH Trucks and Trailer Rental LLC

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit

_____

Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318

_____

Phone Number                                        Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____

Defendant's Attorney                                             Third Party Attorney

_____        _____

Address                                                            Address

_____        _____

Phone No.                         Georgia Bar No.          Phone No.                      Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $  _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒ **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**7/14/2022 4:16 PM**
**E-FILED**
**BY: Monica Gay**

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___Dekalb___ County

| For Clerk Use Only | 7/18/2022 | | 22A02586 |
|---|---|---|---|
| **Date Filed** _____ | | **Case Number** _____ | |
| **MM-DD-YYYY** | | | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Watts, Nona | | | | | BH Trucks and Trailer Rental LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Benito Hernandez Trucking, LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Garcia, Javier | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Hudson Insurance Company | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___Anne Marie du Toit___   Bar Number ___213320___   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**         **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                     Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                     Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

---

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO**
**BH TRUCKS AND TRAILER RENTAL, LLC**

---

    COMES NOW, Nona Watts, Plaintiff in the above-captioned lawsuit and pursuant to the

Georgia Civil Practice hereby propounds the following Requests for Admission to Defendant BH

Trucks and Trailer Rental, LLC ("BH Trucks") for response within thirty (30) days from the date

of service.

**DEFINITIONS**

    As used herein, the terms listed below are defined as follows:

  1. **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on

Buford Highway in DeKalb County on October 28, 2020 involving Defendant Javier Garcia and

Plaintiff Nona Watts.

  2. "**You**," "**Your**," or "**BH Trucks**" means Defendant BH Trucks and Trailer, LLC and

includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting

or purporting to act for it or on its behalf.

3. "**Garcia**" means Defendant Javier Garcia.

4. "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

5. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Javier Garcia at the time of the Subject Collision.

6. "**Plaintiff**" or "**Watts**" means Plaintiff Nona Watts.

## REQUESTS FOR ADMISSION

1.

BH Trucks is a proper party to this lawsuit.

2.

BH Trucks is properly named in this lawsuit.

3.

Service was proper on BH Trucks in this case.

4.

BH Trucks is subject to the jurisdiction of this Court.

5.

Venue is proper as to BH Trucks in this Court.

6.

BH Trucks was a motor carrier as defined by federal law and regulations at the time of the Subject Collision.

7.

On October 28, 2020, the Tractor-Trailer being operated by Garcia was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

At the time of the Subject Collision, Garcia was required to follow all applicable standards set forth in the Commercial Driver License Manual.

9.

At the time of the Subject Collision, Garcia was required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

10.

At the time of the Subject Collision, the Tractor-Trailer being operated by Garcia was owned by BH Trucks.

11.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

12.

There is no evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

13.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

14.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided

the crash.

15.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

16.

Plaintiff has no responsibility for causing the Subject Collision.

17.

Garcia is partially responsible for causing the Subject Collision.

18.

Garcia is fully responsible for causing the Subject Collision.

19.

You are not aware of any evidence or proof that someone other than Garcia was the proximate cause of the Subject Collision.

20.

No person or entity other than Garcia has responsibility for causing the Subject Collision.

21.

BH Trucks is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

22.

Garcia was the primary cause of the Subject Collision.

23.

You made a preventability determination with regard to the Subject Collision.

24.

You determined the Subject Collision was preventable.

**Served with Plaintiff's Complaint.**

This 14th day of July, 2022.

PAYNE & DU TOIT

 _/s/ Anne Marie du Toit_
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

                Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BH TRUCKS AND TRAILER RENTAL, LLC

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits the following Request for Production of Documents to Defendant BH Trucks and Trailer Rentals, LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.       (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Subject Collision**" means the collision described in the Complaint.

5.   "**You**," "**Your**," or "**BH Trucks**" means Defendant BH Trucks and Trailer Rentals, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.   "**Garcia**" means Defendant Javier Garcia.

7.   "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.   "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

9.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all

other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to BH Trucks.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for BH Trucks at any time between the time of the Subject Collision and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.

**REQUEST NO. 4:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### DRIVER

**REQUEST NO. 5:**   All documents setting forth the relationship between Javier Garcia and BH Trucks.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 6:**   The contents of Javier Garcia'S driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.  The requested documents include, but are not limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto.

If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Javier Garcia, including without limitation any investigation of Javier Garcia's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with BH Trucks.  This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Javier Garcia.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Javier Garcia.

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by BH Trucks to Javier Garcia.

**REQUEST NO. 11:**   All documents that relate in any way to the training BH Trucks provided to Javier Garcia, concerning driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.  Please include all documents that identify when, where and who provided the training and all materials used for training.

**REQUEST NO. 12:**   All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of BH Trucks to Javier Garcia at any time.  An answer key should also be provided.

**REQUEST NO. 13:**  All documents (a) explaining how Javier Garcia was compensated for the one month leading up to and including the date of the Subject Collision and extending one

week after the date of the Subject Collision; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 14:**  A copy of the front and back of every driver's license issued to Javier Garcia (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:**  All documents placing you on notice of any violation by Javier Garcia of any law, ordinance or regulation.  This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**REQUEST NO. 16:**  All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Javier Garcia in your possession, custody and/or control.

**REQUEST NO. 17:**  All documents relating to any violation of any safety rule or principle by Javier Garcia at any time while working at BH Trucks.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of BH Trucks directed to Javier Garcia for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Javier Garcia in any way relating to the safe operation of a commercial vehicle.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**  All documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Javier Garcia has been involved.

**REQUEST NO. 20:**  All documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Javier Garcia.  This

should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**  For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Javier Garcia was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by Javier Garcia or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:**  All documents prepared by Javier Garcia that describes the Subject Collision or the circumstances leading up to the Subject Collision.

**REQUEST NO. 23:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Javier Garcia that has not been produced in response to the preceding Requests.

**REQUEST NO. 24:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Javier Garcia in any way, that has not been produced in response to other Requests above.

### Hours of Service Related Documents

**REQUEST NO. 25:**   A copy of all Javier Garcia's hours of service logs and any other driving logs and/or time sheets for the period beginning eight days before the Subject Collision and ending two days following the Subject Collision.

**REQUEST NO. 26:**  In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Javier Garcia was doing for the time period beginning eight days before the Subject Collision and ending two days following the Subject Collision.  The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a.  All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.  All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.  All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.  All documents evidencing any and all stops; and

e.  All driver call in reports and any other documentation of any communications between you and Javier Garcia.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**  All audits and summaries of Javier Garcia's hours of service covering the period beginning one year prior to the Subject Collision and ending 14 days following the Subject Collision.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 28:**  For the tractor involved in the Subject Collision, produce the following documents:

      a.      Title;

      b.      Registration;

      c.      Operators manual;

      d.      Maintenance Schedules;

      e.      All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

      f.      All documents evidencing any inspections of the tractor during the 6 months before the Subject Collision;

      g.      All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Collision;

      h.      All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

      i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:**  For the trailer(s) involved in the Subject Collision, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within 6 months before the Subject Collision;

f.      All documents evidencing any inspections of the trailer during the 6 months before the Subject Collision;

g.      All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the Subject Collision;

h.      All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Collision; and

m.     Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**  If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 31:**  If any data is available (whether or not downloaded or retrieved) from the trailer(s) or any part or system from the trailer(s) (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 32:**  If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:**  All communications and transmissions between Javier Garcia and BH Trucks that were transmitted through any system on-board of the tractor or trailer(s) involved in the Subject Collision for the period beginning 30 days before the Subject Collision and ending seven days after the Subject Collision.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders

(EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**REQUEST NO. 34:**  If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:**  To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer(s) and/or anything inside or connected to any part or system of the tractor and/or trailer(s) that were involved in the Subject Collision.

**REQUEST NO. 36:**  A copy of each out of service report or violation concerning the tractor and/or the trailer(s) involved in the Subject Collision from the period beginning one year prior to the Subject Collision through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 37:**  All documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

**REQUEST NO. 38:**  Produce all documents related to any settlement for property damage, cargo losses or injuries arising out of the Subject collision, e.g., receipt*(s),* release*(s),* demand(s), assignment*(s),* etc.

**REQUEST NO. 39:** For the tractor and trailer(s) involved in the Subject Collision,

produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the Subject Collision and ending one week after the Subject Collision.

**REQUEST NO. 40:**  Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Collision for the tractor and trailer(s).

### LOAD

**REQUEST NO. 41:**  All documents that relate to the load being hauled by Javier Garcia at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

### SUBJECT COLLISION

**REQUEST NO. 42:**  All documents authored by anyone working for or on behalf of BH Trucks that set forth any facts relating to the Subject Collision.

**REQUEST NO. 43:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 44:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 45:**  All reports (you know what this means and it is not vague) relating to the Subject Collision including those prepared by Javier Garcia and those prepared by anyone working for or on behalf of BH Trucks (except lawyers).

**REQUEST NO. 46:**  All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 47:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 48:**  If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

> a.     A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;
>
> b.     A copy of all reports and documents (as defined) of any kind generated by said board or entity;
>
> c.     Documents evidencing who was on the board;
>
> d.     Documents evidencing all criteria for review; and
>
> e.     Determination of preventability and all other conclusions reached by said board or entity.

<u>**GOVERNMENTAL CONTACT AND INTERVENTION**</u>

**REQUEST NO. 49:**  All documents sent to or received from any governmental agency regarding the Subject Collision, the driver involved in the Subject Collision, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 50:**  All documents and communications of any kind related to any CSA Intervention against your company in the past two years.

**POLICY AND PROCEDURES**

**REQUEST NO. 51:**  All BH Trucks policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Collision, relating to:

      a.     Working for or with trucking company generally (e.g., employee manual or handbook);

      b.     Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

      c.     Operation of a commercial vehicle;

      d.     Driving safety;

      e.     Defensive driving;

      f.     Compliance with federal and state laws and regulations;

      g.     Accident investigation;

      h.     Accident review boards;

      i.     Determination of preventability of accidents;

      j.     Hiring, training and supervising drivers; and

      k.     Disciplinary actions.

**REQUEST NO. 52:**  Copies of each document that Javier Garcia signed to prove that Javier Garcia received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of BH Trucks.

**REQUEST NO. 53:**  To the degree that BH Trucks has any rules, policies, procedures,

guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to Javier Garcia before the Subject Collision, please produce them now.

**REQUEST NO. 54:**  A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by BH Trucks, its personnel, agents, or employees during the year of the Subject Collision and three years prior.

**REQUEST NO. 55:**  Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>TRUCKING COMPANY</u>

**REQUEST NO. 56:**  Copy of documents showing the hierarchy of managerial positions in the Safety Department at BH Trucks and who occupied such positions as of the time of the Subject Collision and presently.

**REQUEST NO. 57:**  A copy of each document (including articles and presentations) prepared and/or presented by any BH Trucks representative relating to defensive driving techniques in the past five years.

**REQUEST NO. 58:**  All company newsletters distributed during the period beginning two years before the Subject Collision and present.

**REQUEST NO. 59:**  A copy of BH Trucks's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 60:**  Transcripts or recordings of all depositions of corporate designees for BH Trucks given in the past five years in cases where it was alleged that a driver working for BH Trucks rear ended another vehicle and thereby caused injury or death to another person.

**REQUEST NO. 61:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Collision

**REQUEST NO. 62:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

## Miscellaneous

**REQUEST NO. 63:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

   a.   A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

   b.   A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

   c.   A copy of the entire file of said expert;

   d.   A current résumé or curriculum vitae for said expert; and

   e.   All billing records and work logs for said expert.

**REQUEST NO. 64:**  All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 65:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 66:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision,

including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

*/s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                         Plaintiff,                  **JURY TRIAL DEMANDED**

vs.

                                     CIVIL ACTION

BH TRUCKS AND TRAILER RENTAL,     FILE NO.  22A02586
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                        Defendants.

**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT BH TRUCKS AND TRAILER RENTAL, LLC**

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits the following written Interrogatories to Defendant BH Trucks and Trailer Rentals, LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.   "**You**," "**Your**," or **"BH Trucks"** means Defendant BH Trucks and Trailer Rentals, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.   "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.   "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

8.   **"Garcia"** means Defendant Javier Garcia.

9.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

11.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### BH TRUCKS INFORMATION

1.

If you contend that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people:

(a)   The Safety Director/Chief Safety Officer for BH Trucks on the date of the Subject Collision and now;

(b)   The person(s) primarily responsible for compliance with state and federal safety regulations at BH Trucks on the date of the Subject Collision and now;

(c)   The person(s) responsible for training Javier Garcia; and

(d)   Javier Garcia's supervisor and manager on the date of the Subject Collision.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of BH Trucks's driver's actions in the past three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state agency and BH Trucks that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

**VEHICLE INFORMATION**

5.

With respect to the <u>tractor</u> operated by Javier Garcia at the time of the Subject Collision, provide the following information:

(a)     Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)     Provide the mileage and gross weight at the time of the Subject Collision;

(c)     For the engine, identify the manufacturer, year, model and identification number;

(d)     Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)     Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved, and

identify the person who has custody of the data and of the system from which the data was acquired.

(f)    Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system;  any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

6.

With respect to the <u>trailer</u> operated by Javier Garcia at the time of the Subject Collision, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Collision;

(c)    Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation the trailer (including without limitation

ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)    Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

### TRIP AND HOURS OF SERVICE INFORMATION

7.

With respect to the trip that Javier Garcia was on at the time of the Subject Collision, provide the following information:

(a)    Identify all shippers and brokers involved;

(b)    Explain where and when (date and time) Javier Garcia picked up the load he had at the time of the Subject Collision;

(c)    Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)    Identify the location, time, duration and reason for each stop Javier Garcia made from the time he picked up the load until the time of the Subject Collision; and

(e)    Identify the route Javier Garcia intended to follow from the point of origin to the point of destination.

8.

With respect to Javier Garcia's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a) Identify all errors on Javier Garcia's logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c)    Explain what you have done, if anything, to audit or verify the accuracy of Javier Garcia's logs and identify all persons involved in the process; and,

(d)    Identify all documents and data of any kind that you used to audit or verify the accuracy of Javier Garcia's logs.

9.

For the 72 hours leading up to the Subject Collision, provide the following information regarding Javier Garcia:

(a) Identify all driving hours;

(b) Identify all on-duty not driving hours (location and activities);

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten;

(e) Identify when and where Javier Garcia slept; and

(f) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

If BH Trucks performs hours of service log audits on drivers,

(a)  Explain what is entailed in the auditing process;

(b)  Identify all documents and data used in the process;

(c)  Identify who performs the audits (in-house or outsourced);

(d)  Identify when, if ever, Javier Garcia's logs were audited; and

(e)  Identify all Hours of Service violations of which you are aware for Javier Garcia while he was working with your company.

### DRIVER INFORMATION

11.

With Respect to Javier Garcia, provide the following information:

(a)      Explain the relationship between BH Trucks and Javier Garcia at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

(b)      Explain how Javier Garcia was paid for driving (by hour, by load, by mile, salary or other);

(c)      Explain all steps BH Trucks undertook to qualify Javier Garcia in accord with the Federal Motor Carrier Safety Regulations; and

(d)      Identify when BH Trucks's relationship with Javier Garcia began and ended.

12.

Was Javier Garcia acting within the course and scope of his employment or agency at the time of the Subject Collision?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

13.

Identify and describe all formal and informal disciplinary and/or counseling actions

undertaken by BH Trucks regarding Javier Garcia at any time.

14.

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of BH Trucks to Javier Garcia at any time and in any way related to the operation of a commercial motor vehicle.

15.

Identify all traffic violations committed by Javier Garcia, while in your employ or in previous employment.

16.

If Javier Garcia has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

17.

Did Javier Garcia have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

18.

For each motor vehicle collision/accident involving Javier Garcia, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If Javier Garcia had ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between Javier Garcia and anyone acting for or on behalf of BH Trucks during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision.   For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## REGULATIONS AND POLICIES

21.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Javier Garcia at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

22.

Identify all BH Trucks policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions concerning safe driving and/or defensive driving that were made available or provided by BH Trucks to Javier Garcia during his employment with BH Trucks.

## INVESTIGATION OF SUBJECT COLLISION

23.

Describe in detail when and how you first became aware that Javier Garcia was involved in the Subject Collision.   Please include the identification of all persons involved and what information was conveyed.

24.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

25.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom BH Trucks believes may have relevant testimony of any kind in connection with this case.

26.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

27.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Javier Garcia after the Subject Collision occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.

As to any tests, inspections, measurements mapping, photography, videography, and/or investigations performed by or on behalf of BH Trucks, or of which you are at all aware regarding in any way the Subject Collision and/or any other matter raised in this case, identify all person(s)

who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

29.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

30.

If you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

31.

If BH Trucks has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

## INSURANCE

32.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds;

and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

33.

If anyone working for or on behalf of BH Trucks has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

## EXPERTS

34.

Identify each person BH Trucks expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_____
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NONA WATTS,

                      Plaintiffs,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                      Defendants.

CIVIL ACTION
FILE NO. _22A02586_

### PLAINTIFF'S NOTICE OF FILING PROOF OF DELIVERY OF SERVICE

Plaintiff, by and through her undersigned attorneys, hereby files proof of service of process on Defendant Benito Hernandez Trucking, LLC, by filing delivery confirmations of the documents served upon the Georgia Secretary of State and upon the Defendant by the Georgia Secretary of State in compliance with O.C.G.A. § 40-1-117.

This 6th day of September, 2022.

                PAYNE & DU TOIT

                __/s/ Anne Marie du Toit____
                Anne Marie du Toit
                Georgia Bar No. 213320
                Catherine D. Payne
                Georgia Bar No. 463911

                2275 Marietta Blvd NW
                Ste. 270-245
                Atlanta, GA 30318-2019
                adutoit@pdtfirm.com
                cpayne@pdtfirm.com

                *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF FILING PROOF OF DELIVERY OF SERVICE UPON BENITO HERNANDEZ TRUCKING, LLC** upon Defendants by placing a true and correct copy in the United States Mail with sufficient postage affixed thereon, addressed as follows:

BH Trucks and Trailer Rental, LLC
5100 N. Minnesota Rd.
Mission, TX 78572
*Pro Se Defendant*

Benito Hernandez Trucking, LLC
5100 N. Minnesota Rd.
Mission, TX 78572
*Pro Se Defendant*

Javier Garcia
2301 N. McCall Rd.
Trlr. 33
McAllen, TX 78501
*Pro Se Defendant*

Hudson Insurance Company
100 William Street
New York, NY 10038
*Pro Se Defendant*

This 6th day of September, 2022.

PAYNE & DU TOIT

   */s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

Control Number : SOP-22163714

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Benito Hernandez Trucking, LLC**

have been filed with the Secretary of State on 07/18/2022 pursuant to O.C.G.A. § 40-1-117 relating to the following matter:

Case: Nona Watts v. Benito Hernandez Trucking, LLC
Court: State Court of DeKalb County
Civil Action No.: 22A02586

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/01/2022.



Brad Raffensperger
Secretary of State

Control Number : SOP-22163714

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

### CERTIFICATION

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that I have received in my office copies of legal documents in the matter of:

**Nona Watts v. BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, LLC, Javier Garcia, and Hudson Insurance Company**
**State Court of DeKalb County**
**Civil Action No. 22A02586**

A copy of said documents has been forwarded by registered mail or certified mail, return receipt requested to:

**Benito Hernandez Trucking, LLC**

A copy of the return receipt will be forwarded to the filing person when it is received in my office.

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/01/2022.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BENITO HERNANDEZ TRUCKING LLC
c/o BENITO HERNANDEZ
5100 N. MINNESOTA RD
MISSION, TX 78572

9590 9401 0135 5225 4097 93

2. Article Number *(Transfer from service label)*

7014 3490 0003 5603 6707

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery
                                          3/12/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 7/18/2022 2:43:51 PM

## FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-22163714 |

## DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Business |
| Defendant's Name | : Benito Hernandez Trucking, LLC |
| Control Number of the Business Entity (if applicable) | : |
| Registered Agent's or Defendant's Address Where Service Attempted and/or Forwarded | : c/o Benito Hernandez, 5100 N. Minnesota Rd., Mission, TX, 78572, USA |

## STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-1-117

## CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Nona Watts |
| Style of Proceeding | : Nona Watts v. BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, LLC, Javier Garcia, and Hudson Insurance Company |
| Civil Action Number | : 22A02586 |
| Court | : State Court of DeKalb County |

## SERVICE OF PROCESS DOCUMENTS

See attached document(s).

## FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Business |
| Name | : Payne & du Toit |
| Address | : 2275 Marietta Blvd., Ste. 270-245, Atlanta, GA, 30318, USA |

## AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Anne Marie du Toit |

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

**COMPLAINT**

COME NOW Nona Watts, Plaintiff, and makes and files this complaint against

Defendants BH Trucks and Trailer Rental, LLC, Benito Hernandez Trucking, Javier

Garcia, and Hudson Insurance Company as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to

the jurisdiction of this court.

2.

Defendant BH Trucks and Trailer Rental, LLC is a limited liability company and is

authorized to transact business in the State of Georgia and may be served through the

Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the

jurisdiction of this court.

3.

Defendant Benito Hernandez Trucking, LLC is a limited liability company and is authorized to transact business in the State of Georgia and may be served through the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and is subject to the jurisdiction of this court.

4.

Defendant Hudson Insurance Company ("Hudson") is a foreign insurance company and may be served through its registered agent Dina G. Daskalakis located at 100 William Street, New York, NY 10038 and is subject to the jurisdiction of this court.

5.

Defendant Javier Garcia ("Garcia") is a resident of the State of Texas and is subject to the jurisdiction and venue of this court pursuant to Georgia's Non-Resident Motorist Act, O.C.G.A. § 40-12-1. He may be served with a copy of this Complaint and Summons at his place of residence, 2301 N. McCall Rd., Trlr. 33, McAllen, TX 78501.

6.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

7.

On or about October 28, 2020, Plaintiff Watts was driving a 2014 Chrysler 300 southbound on Buford Highway in DeKalb County, Georgia.

8.

On or about October 28, 2020, Defendant Garcia was driving a tractor-trailer southbound on Buford Highway in DeKalb County, Georgia behind Plaintiff Watts' vehicle.

9.

Defendant Garcia failed to see Plaintiff's vehicle in front of him and he struck the rear of vehicle driven by Plaintiff from behind.

10.

As a result of the collision, Plaintiff suffered injuries to her knees, back, shoulder, neck, head, and right upper extremity.

## COUNT I – NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Garcia was negligent in the following manners:

    a.  In following too closely;

    b.  In failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle;

    c.  In failing to make timely and proper application of his brakes;

    d.  In failing to observe or undertake the necessary precautions to keep his tractor trailer from colliding with the Plaintiff's vehicle;

    e.  In operating his tractor-trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity;

    f.  In committing other negligent and reckless acts or omissions as may be shown by the evidence and proven at trial.

13.

Defendant Garcia's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant BH Trucks and Trailer Rental, LLC.

16.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant BH Trucks and Trailer Rental, LLC.

17.

Defendant BH Trucks and Trailer Rental, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

18.

At the time of the subject collision, Defendant Garcia was under dispatch for Defendant Benito Hernandez Trucking, LLC.

19.

At the time of the subject collision, Defendant Garcia was operating his vehicle on behalf of Defendant Benito Hernandez Trucking, LLC.

20.

Defendant Benito Hernandez Trucking, LLC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Garcia in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant BH Trucks and Trailer Rental, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

23.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly train Defendant Garcia.

24.

Defendant BH Trucks and Trailer Rental, LLC was negligent in failing to properly supervise Defendant Garcia.

25.

Defendant BH Trucks and Trailer Rental, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

26.

Defendant Benito Hernandez Trucking, LLC was negligent in hiring Defendant Garcia and entrusting him to drive a tractor-trailer.

27.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly train Defendant Garcia.

28.

Defendant Benito Hernandez Trucking, LLC was negligent in failing to properly supervise Defendant Garcia.

29.

Defendant Benito Hernandez Trucking, LLC's negligence in hiring Defendant Garcia and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant Benito Hernandez Trucking, LLC pursuant to O.C.G.A. § 40-2-140.

32.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

33.

Defendant Hudson Insurance Company was the insurer of Defendant Benito Hernandez Trucking, LLC at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

34.

Defendant Hudson Insurance Company is subject to a direct action as the insurer for Defendant BH Trucks and Trailer Rental, LLC pursuant to O.C.G.A. § 40-2-140.

35.

Defendants Benito Hernandez Trucking, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

36.

Defendants Defendant BH Trucks and Trailer Rental, LLC and Hudson Insurance Company are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

37.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant BH Trucks and Trailer Rental, LLC.

38.

Defendant Hudson Insurance Company is responsible for any judgment rendered against Defendant Benito Hernandez Trucking, LLC.

## **COUNT V – DAMAGES**

39.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

41.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

42.

As a result of Defendants' negligence, Plaintiff sustained damages to her vehicle for which she is entitled to compensation.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover for damage to her property;

d. That Plaintiff recover such other and further relief as is just and proper.

This 14th day of July, 2022.

PAYNE & DU TOIT

 /s/ Anne Marie du Toit
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

22A02586

No. _____

**Date Summons Issued and E-Filed**

7/14/2022

_____
/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

_____

Nona Watts
_____

Plaintiff's name and address

**vs.**

[ ] **JURY**

BH Trucks and Trailer Rental, LLC,
Benito Hernandez Trucking, LLC,
Javier Garcia, and Hudson Insurance Company,
_____

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**  Benito Hernandez Trucking, LLC

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name   Anne Marie du Toit
_____

Address  2275 Marietta Blvd., Ste. 270-245, Atlanta, GA 30318
_____

Phone Number                                     Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____

Defendant's Attorney                               Third Party Attorney
_____          _____

Address                                            Address
_____          _____

Phone No.              Georgia Bar No.          Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $  _____
☐ Other

                                                   Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒ **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for**
**service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**7/14/2022 4:16 PM**
**E-FILED**
**BY: Monica Gay**

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___Dekalb___ County

| For Clerk Use Only |
|---|
| Date Filed _____ Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**
Watts, Nona

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
BH Trucks and Trailer Rental LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Benito Hernandez Trucking, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Garcia, Javier

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Hudson Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ___Anne Marie du Toit___   Bar Number _213320_   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

NONA WATTS,

                  Plaintiff,

vs.

BH TRUCKS AND TRAILER RENTAL,
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                  Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. 22A02586

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
BENITO HERNANDEZ TRUCKING, LLC**

COMES NOW, Nona Watts, Plaintiff in the above-captioned lawsuit and pursuant to the

Georgia Civil Practice Act hereby propounds the following Requests for Admission to Defendant

Benito Hernandez Trucking, LLC ("Benito Hernandez Trucking") for response within thirty (30)

days from the date of service.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on

Buford Highway in DeKalb County on October 28, 2020 involving Defendant Javier Garcia and

Plaintiff Nona Watts.

2. "**You**," "**Your**," or "**Benito Hernandez Trucking**" means Defendant Benito Hernandez

Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant

times, was acting or purporting to act for it or on its behalf.

3. "**Garcia**" means Defendant Javier Garcia.

4. "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

5. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Javier Garcia at the time of the Subject Collision.

6. "**Plaintiff**" or "**Watts**" means Plaintiff Nona Watts.

## REQUESTS FOR ADMISSION

1.

Benito Hernandez Trucking is a proper party to this lawsuit.

2.

Benito Hernandez Trucking is properly named in this lawsuit.

3.

Service was proper on Benito Hernandez Trucking in this case.

4.

Benito Hernandez Trucking is subject to the jurisdiction of this Court.

5.

Venue is proper as to Benito Hernandez Trucking in this Court.

6.

Benito Hernandez Trucking was a motor carrier as defined by federal law and regulations at the time of the Subject Collision.

7.

On October 28, 2020, the Tractor-Trailer being operated by Garcia was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

At the time of the Subject Collision, Garcia was required to follow all applicable standards set forth in the Commercial Driver License Manual.

9.

At the time of the Subject Collision, Garcia was required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

10.

At the time of the Subject Collision, the Tractor-Trailer being operated by Garcia was owned by Benito Hernandez Trucking.

11.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

12.

There is no evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

13.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

14.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

15.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

16.

Plaintiff has no responsibility for causing the Subject Collision.

17.

Garcia is partially responsible for causing the Subject Collision.

18.

Garcia is fully responsible for causing the Subject Collision.

19.

You are not aware of any evidence or proof that someone other than Garcia was the proximate cause of the Subject Collision.

20.

No person or entity other than Garcia has responsibility for causing the Subject Collision.

21.

Benito Hernandez Trucking is responsible for any award of compensatory damages a jury awards as a result of Garcia's negligence.

22.

Garcia was the primary cause of the Subject Collision.

23.

You made a preventability determination with regard to the Subject Collision.

24.

You determined the Subject Collision was preventable.

**Served with Plaintiff's Complaint.**

This 14th day of July, 2022.

PAYNE & DU TOIT

_/s/ Anne Marie du Toit_____
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

NONA WATTS,

                        Plaintiff,

vs.                                              **JURY TRIAL DEMANDED**

BH TRUCKS AND TRAILER RENTAL,          CIVIL ACTION
LLC, BENITO HERNANDEZ TRUCKING,        FILE NO. 22A02586
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                        Defendants.


## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BENITO HERNANDEZ TRUCKING, LLC

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following Request for Production of Documents to Defendant BH Trucks and Trailer Rentals,

LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.   The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.        (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Subject Collision**" means the collision described in the Complaint.

5.   "**You**," "**Your**," or **"BH Trucks"** means Defendant BH Trucks and Trailer Rentals, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.   "**Garcia**" means Defendant Javier Garcia.

7.   "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

8.   "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

9.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all

other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Benito Hernandez Trucking.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for Benito Hernandez Trucking at any time between the time of the Subject Collision and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.

**REQUEST NO. 4:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### DRIVER

**REQUEST NO. 5:**   All documents setting forth the relationship between Javier Garcia and Benito Hernandez Trucking.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 6:**   The contents of Javier Garcia'S driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.  The requested documents include, but are not

limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**    All documents of any kind that relate to any pre-employment background investigation of Javier Garcia, including without limitation any investigation of Javier Garcia's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Benito Hernandez Trucking.  This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**    All documents that relate in any way to your recruiting of Javier Garcia.

**REQUEST NO. 9:**    All documents that relate in any way to you hiring Javier Garcia.

**REQUEST NO. 10:**    All documents that relate in any way to any orientation provided by Benito Hernandez Trucking to Javier Garcia.

**REQUEST NO. 11:**    All documents that relate in any way to the training Benito Hernandez Trucking provided to Javier Garcia, concerning driving instructions, vehicle inspection, Hours of Service, cell phone usage, fatigue, distracted driving, safe driving techniques and/or defensive driving techniques.  Please include all documents that identify when, where and who provided the training and all materials used for training.

**REQUEST NO. 12:**    All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of Benito Hernandez Trucking to Javier Garcia at any time.  An answer key should also be provided.

**REQUEST NO. 13:** All documents (a) explaining how Javier Garcia was compensated

for the one month leading up to and including the date of the Subject Collision and extending one week after the date of the Subject Collision; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 14:**  A copy of the front and back of every driver's license issued to Javier Garcia (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:**  All documents placing you on notice of any violation by Javier Garcia of any law, ordinance or regulation.  This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**REQUEST NO. 16:**  All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Javier Garcia in your possession, custody and/or control.

**REQUEST NO. 17:**  All documents relating to any violation of any safety rule or principle by Javier Garcia at any time while working at Benito Hernandez Trucking.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Benito Hernandez Trucking directed to Javier Garcia for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Javier Garcia in any way relating to the safe operation of a commercial vehicle.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**  All documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Javier Garcia has been involved.

**REQUEST NO. 20:**  All documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Javier Garcia.  This

should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**  For each communication device (e.g., cell phones, tablets, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Javier Garcia was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by Javier Garcia or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 22:**  All documents prepared by Javier Garcia that describes the Subject Collision or the circumstances leading up to the Subject Collision.

**REQUEST NO. 23:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Javier Garcia that has not been produced in response to the preceding Requests.

**REQUEST NO. 24:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Javier Garcia in any way, that has not been produced in response to other Requests above.

## HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 25:**   A copy of all Javier Garcia's hours of service logs and any other driving logs and/or time sheets for the period beginning eight days before the Subject Collision and ending two days following the Subject Collision.

**REQUEST NO. 26:**  In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Javier Garcia was doing for the time period beginning eight days before the Subject Collision and ending two days following the Subject Collision.  The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b. All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c. All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d. All documents evidencing any and all stops; and

e. All driver call in reports and any other documentation of any communications between you and Javier Garcia.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**  All audits and summaries of Javier Garcia's hours of service covering the period beginning one year prior to the Subject Collision and ending 14 days following the Subject Collision.

### VEHICLE INFORMATION

**REQUEST NO. 28:**  For the tractor involved in the Subject Collision, produce the following documents:

    a.    Title;

    b.    Registration;

    c.    Operators manual;

    d.    Maintenance Schedules;

    e.    All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

    f.    All documents evidencing any inspections of the tractor during the 6 months before the Subject Collision;

    g.    All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Collision;

    h.    All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

    i.    All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** For the trailer(s) involved in the Subject Collision, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within 6 months before the Subject Collision;

f.      All documents evidencing any inspections of the trailer during the 6 months before the Subject Collision;

g.      All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the Subject Collision;

h.      All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Collision; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**  If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 31:**  If any data is available (whether or not downloaded or retrieved) from the trailer(s) or any part or system from the trailer(s) (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

**REQUEST NO. 32:**  If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:**  All communications and transmissions between Javier Garcia and Benito Hernandez Trucking that were transmitted through any system on-board of the tractor or trailer(s) involved in the Subject Collision for the period beginning 30 days before the Subject Collision and ending seven days after the Subject Collision.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-

board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**REQUEST NO. 34:**  If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:**  To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer(s) and/or anything inside or connected to any part or system of the tractor and/or trailer(s) that were involved in the Subject Collision.

**REQUEST NO. 36:**  A copy of each out of service report or violation concerning the tractor and/or the trailer(s) involved in the Subject Collision from the period beginning one year prior to the Subject Collision through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 37:**  All documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

**REQUEST NO. 38:**  Produce all documents related to any settlement for property damage, cargo losses or injuries arising out of the Subject collision, e.g., receipt*(s),* release*(s),* demand(s), assignment*(s),* etc.

**REQUEST NO. 39:**  For the tractor and trailer(s) involved in the Subject Collision,

produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the Subject Collision and ending one week after the Subject Collision.

**REQUEST NO. 40:**  Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Collision for the tractor and trailer(s).

## LOAD

**REQUEST NO. 41:**  All documents that relate to the load being hauled by Javier Garcia at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 42:**  All documents authored by anyone working for or on behalf of Benito Hernandez Trucking that set forth any facts relating to the Subject Collision.

**REQUEST NO. 43:**  All documents assessing causes, preventability and/or avoidability of the Subject Collision.

**REQUEST NO. 44:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, electronically created charts, animations, data, photographs, video, computer simulations and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 45:**  All reports (you know what this means and it is not vague) relating to the Subject Collision including those prepared by Javier Garcia and those prepared by anyone working for or on behalf of Benito Hernandez Trucking (except lawyers).

**REQUEST NO. 46:**  All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 47:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 48:**  If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

> a.    A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;
>
> b.    A copy of all reports and documents (as defined) of any kind generated by said board or entity;
>
> c.    Documents evidencing who was on the board;
>
> d.    Documents evidencing all criteria for review; and
>
> e.    Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 49:**  All documents sent to or received from any governmental agency regarding the Subject Collision, the driver involved in the Subject Collision, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 50:**  All documents and communications of any kind related to any CSA Intervention against your company in the past two years.

<u>POLICY AND PROCEDURES</u>

**REQUEST NO. 51:** All Benito Hernandez Trucking policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Collision, relating to:

  a.  Working for or with trucking company generally (e.g., employee manual or handbook);

  b.  Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

  c.  Operation of a commercial vehicle;

  d.  Driving safety;

  e.  Defensive driving;

  f.  Compliance with federal and state laws and regulations;

  g.  Accident investigation;

  h.  Accident review boards;

  i.  Determination of preventability of accidents;

  j.  Hiring, training and supervising drivers; and

  k.  Disciplinary actions.

**REQUEST NO. 52:**  Copies of each document that Javier Garcia signed to prove that Javier Garcia received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of Benito Hernandez Trucking.

**REQUEST NO. 53:** To the degree that Benito Hernandez Trucking has any rules,

policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to Javier Garcia before the Subject Collision, please produce them now.

**REQUEST NO. 54:**  A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by Benito Hernandez Trucking, its personnel, agents, or employees during the year of the Subject Collision and three years prior.

**REQUEST NO. 55:**  Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>**TRUCKING COMPANY**</u>

**REQUEST NO. 56:**  Copy of documents showing the hierarchy of managerial positions in the Safety Department at Benito Hernandez Trucking and who occupied such positions as of the time of the Subject Collision and presently.

**REQUEST NO. 57:**  A copy of each document (including articles and presentations) prepared and/or presented by any Benito Hernandez Trucking representative relating to defensive driving techniques in the past five years.

**REQUEST NO. 58:**  All company newsletters distributed during the period beginning two years before the Subject Collision and present.

**REQUEST NO. 59:**  A copy of Benito Hernandez Trucking's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 60:**  Transcripts or recordings of all depositions of corporate designees

for Benito Hernandez Trucking given in the past five years in cases where it was alleged that a driver working for Benito Hernandez Trucking rear ended another vehicle and thereby caused injury or death to another person.

**REQUEST NO. 61:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Collision

**REQUEST NO. 62:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

### MISCELLANEOUS

**REQUEST NO. 63:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

> a. A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;
>
> b. A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;
>
> c. A copy of the entire file of said expert;
>
> d. A current résumé or curriculum vitae for said expert; and
>
> e. All billing records and work logs for said expert.

**REQUEST NO. 64:**  All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 65:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 66:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

 /s/ Anne Marie du Toit
Anne Marie du Toit
Georgia   Bar   No.   213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta,   GA   30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

NONA WATTS,

                    Plaintiff,                            **JURY TRIAL DEMANDED**

vs.

                                                         CIVIL ACTION
BH TRUCKS AND TRAILER RENTAL,                            FILE NO. 22A02586
LLC, BENITO HERNANDEZ TRUCKING,
LLC, JAVIER GARCIA, and HUDSON
INSURANCE COMPANY,

                    Defendants.

**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT BENITO HERNANDEZ TRUCKING, LLC**

COMES NOW, Plaintiff Nona Watts, by and through her counsel of record, and submits

the following written Interrogatories to Defendant Benito Hernandez Trucking and Trailer Rentals,

LLC, pursuant to the Georgia Civil Practice Act, for answer as provided by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording.  The term includes material in all forms, including printed, written, recorded, or

other.  The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Subject Collision**" means the collision described in Plaintiff's Complaint.

5.   "**You**," "**Your**," or **"BH Trucks"** means Defendant BH Trucks and Trailer Rentals, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

6.   "**Hudson Insurance Company**" means Defendant Hudson Insurance Company and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

7.   "**Plaintiff**" means the Plaintiff herein, namely Nona Watts.

8.   **"Garcia"** means Defendant Javier Garcia.

9.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

11.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

and (iii) "**any**" includes "all," and "**all**" includes "any."

12. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### BENITO HERNANDEZ TRUCKING INFORMATION

1.

If you contend that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people:

(a)     The Safety Director/Chief Safety Officer for Benito Hernandez Trucking on the date of the Subject Collision and now;

(b)     The person(s) primarily responsible for compliance with state and federal safety regulations at Benito Hernandez Trucking on the date of the Subject Collision and now;

(c)     The person(s) responsible for training Javier Garcia; and

(d)     Javier Garcia's supervisor and manager on the date of the Subject Collision.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Benito Hernandez Trucking's driver's actions in the past three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state agency and Benito Hernandez Trucking that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

**VEHICLE INFORMATION**

5.

With respect to the <u>tractor</u> operated by Javier Garcia at the time of the Subject Collision, provide the following information:

(a)     Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)     Provide the mileage and gross weight at the time of the Subject Collision;

(c)     For the engine, identify the manufacturer, year, model and identification number;

(d)     Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)     Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved, and

identify the person who has custody of the data and of the system from which the data was acquired.

(f)    Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system;  any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

6.

With respect to the trailer operated by Javier Garcia at the time of the Subject Collision, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Collision;

(c)    Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation the trailer (including without limitation

ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)     Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)     Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

### TRIP AND HOURS OF SERVICE INFORMATION

7.

With respect to the trip that Javier Garcia was on at the time of the Subject Collision, provide the following information:

(a)     Identify all shippers and brokers involved;

(b)     Explain where and when (date and time) Javier Garcia picked up the load he had at the time of the Subject Collision;

(c)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)     Identify the location, time, duration and reason for each stop Javier Garcia made from the time he picked up the load until the time of the Subject Collision; and

(e)     Identify the route Javier Garcia intended to follow from the point of origin to the point of destination.

8.

With respect to Javier Garcia's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a) Identify all errors on Javier Garcia's logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c)     Explain what you have done, if anything, to audit or verify the accuracy of Javier Garcia's logs and identify all persons involved in the process; and,

(d)     Identify all documents and data of any kind that you used to audit or verify the accuracy of Javier Garcia's logs.

9.

For the 72 hours leading up to the Subject Collision, provide the following information regarding Javier Garcia:

(a) Identify all driving hours;

(b) Identify all on-duty not driving hours (location and activities);

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten;

(e) Identify when and where Javier Garcia slept; and

(f) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

If Benito Hernandez Trucking performs hours of service log audits on drivers,

(a)  Explain what is entailed in the auditing process;

(b)  Identify all documents and data used in the process;

(c)  Identify who performs the audits (in-house or outsourced);

(d)  Identify when, if ever, Javier Garcia's logs were audited; and

(e)  Identify all Hours of Service violations of which you are aware for Javier Garcia while he was working with your company.

### DRIVER INFORMATION

11.

With Respect to Javier Garcia, provide the following information:

(a)    Explain the relationship between Benito Hernandez Trucking and Javier Garcia at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

(b)    Explain how Javier Garcia was paid for driving (by hour, by load, by mile, salary or other);

(c)    Explain all steps Benito Hernandez Trucking undertook to qualify Javier Garcia in accord with the Federal Motor Carrier Safety Regulations; and

(d)    Identify when Benito Hernandez Trucking's relationship with Javier Garcia began and ended.

12.

Was Javier Garcia acting within the course and scope of his employment or agency at the time of the Subject Collision?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

13.

Identify and describe all formal and informal disciplinary and/or counseling actions

undertaken by Benito Hernandez Trucking regarding Javier Garcia at any time.

14.

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of Benito Hernandez Trucking to Javier Garcia at any time and in any way related to the operation of a commercial motor vehicle.

15.

Identify all traffic violations committed by Javier Garcia, while in your employ or in previous employment.

16.

If Javier Garcia has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

17.

Did Javier Garcia have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

18.

For each motor vehicle collision/accident involving Javier Garcia, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If Javier Garcia had ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between Javier Garcia and anyone acting for or on behalf of Benito Hernandez Trucking during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## REGULATIONS AND POLICIES

21.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Javier Garcia at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

22.

Identify all Benito Hernandez Trucking policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions concerning safe driving and/or defensive driving that were made available or provided by Benito Hernandez Trucking to Javier Garcia during his employment with Benito Hernandez Trucking.

## INVESTIGATION OF SUBJECT COLLISION

23.

Describe in detail when and how you first became aware that Javier Garcia was involved in the Subject Collision.  Please include the identification of all persons involved and what information was conveyed.

24.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

25.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Benito Hernandez Trucking believes may have relevant testimony of any kind in connection with this case.

26.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

27.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Javier Garcia after the Subject Collision occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.

As to any tests, inspections, measurements mapping, photography, videography, and/or investigations performed by or on behalf of Benito Hernandez Trucking, or of which you are at all aware regarding in any way the Subject Collision and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

29.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

30.

If you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

31.

If Benito Hernandez Trucking has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

## **INSURANCE**

32.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

33.

If anyone working for or on behalf of Benito Hernandez Trucking has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

## **EXPERTS**

34.

Identify each person Benito Hernandez Trucking expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**Served with Plaintiff's Complaint**.

This 14th day of July, 2022.

PAYNE & DU TOIT

*/s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2022 4:16 PM
E-FILED
BY: Monica Gay